Leonard J. Supple, J.
The respondents move for an order “ summarily determining this proceeding in favor of respondents pursuant to CPLR 409(b) and dismissing the petition herein and quashing this proceeding * # * upon the ground that no triable issues of fact are raised in this proceeding. ’ ’
The petitioner’s written protest before the Board of Review recited that the property was assessed on the 1968 roll for $691,900, that the full value of the property was $1,047,866, that the fair market value as established by an appraisal was the same figure, that the property was insured for $2,200,000, that the cost of constructing the building in 1966 and 1967 was $1,686,112.35, and that the rents from the property were $360,501. The written complaint before the Board of Review objected to the assessment solely on the basis of overvaluation and asserted that the overvaluation claimed was $398,497.52. The instructions for completing the form furnished by the respondent town read in part, ‘1 An assessment is erroneous by reason of overvaluation if the assessed valuation exceeds the full value (market value) of the property.” Such text appears in the form furnished municipalities by the New York ¡State, Board of Equalization and Assessment. (See 24 Carmody-Wait 2d, New York Practice, § 146:42, note [5].)
If it appears that the petitioner in a tax review proceeding cannot succeed under the pleadings, the proceeding should be summarily terminated. (Rijek Realty v. Crist, 16 A D 2d 964.) Since the petitioner’s complaint to the Board of Review rested solely upon the charge of overvaluation, all parties and the court agreed upon a prior motion that the petitioner may not now raise any issue as to the illegality or inequality of the assessment. (See People ex rel. Greenwood v. Feitner, 77 App. Div. 428.) The only issue in an overvaluation case is whether the property is assessed beyond its actual value (Matter of Wolf v. Assessors of Town of Hanover, 308 N. Y. 416, 423, 424), and the statutory procedures relating to assessment ratios are irrelevant. (People ex rel. Yaras v. Kinnaw, 303 N. Y. 224, 229.)
The affidavit in opposition to this motion makes clear that the petitioner has no case unless it is permitted to show in this proceeding that the ratio of petitioner’s assessment to full value is disproportionate to the ratios generally applicable to other properties on the town. In short, the petitioner seeks to prove inequality in this proceeding under the label of overvaluation. This is not permitted. The motion will be granted.