■ LORA H. KLINGER, Individually and as Administratrix of the Estate of RICHARD B. KLINGER, Deceased, Respondent, v. JERRY DUDLEY et al., Appel-

lants.— Order vacating preclusion order unanimously reversed, without costs and motion denied. Order denying motion for summary judgment unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: The accident which gives rise to this wrongful death action occurred on October 29, 1966. Service of process on the various defendants was effected in October and November, 1967. An extension of time to answer was granted by plaintiff to defendants Dudley, who served answers and demands for bills of particulars on June 17, 1968. Prior to that date, answers and demands for bills of particulars had been received from the other named defendants and bills of particulars had been forwarded to them. However, none had been served on defendants Dudley and none was forwarded to them in response to their demand, apparently because of a misunderstanding in the office of plaintiff's attorney as to whom they had been delivered. A conditional preclusion order was granted to defendants Dudley in August, 1968. The motion to vacate that order was not made until October, 1971. The papers served in support of the application offer no satisfactory explanation either for the failure to comply with the demand or for the delay of more than three years in moving to vacate the order. "Law-office failures" have long been classified as unacceptable excuses for neglect (*Trudel* v. *Laube's Amherst*, 40 A D 2d 625; *Sortino* v. *Fisher*, 20 A D 2d 25). Having failed to meet the heavy burden placed upon those seeking to be excused, plaintiff must suffer the consequences of the inattention and delay (*Call* v. *Smith*, 34 A D 2d 1092). Further, the moving papers are insufficient in that there is no showing, by someone with personal knowledge, of a meritorious action. An affidavit by plaintiff's attorney indicating that there is a witness who will testify to misconduct by driver Dudley is inadequate (*Alaimo* v. *D & F Transit*, 35 A D 2d 776). Since it was an improvident exercise of discretion to vacate the preclusion order, and by that order plaintiff was barred from establishing a cause of action against defendants Dudley, their motion for summary judgment dismissing the complaint should have been granted (*Clements* v. *Peters*, 33 A D 2d 1096). (Appeal from orders of Chautauqua Special Term, vacating order of preclusion and denying motion for summary judgment.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.