■ CECILIA OUTLEY et al., Respondents, v PATSY PEARSON, as Agent for SHERWOOD ASSOCIATES, et al., Defendants, and SHERWOOD ASSOCIATES, Appellant.—In an action to recover damages for wrongful eviction, defendant Sherwood Associates appeals from so much of an order of the Supreme Court, Queens County, dated February 24, 1977, as denied its motion for summary judgment. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion for summary judgment granted. Appellant moved for an order of summary judgment dismissing plaintiffs' complaint and plaintiffs cross-moved (1) for reargument of a prior order of preclusion and (2) to dismiss the affirmative defense of lack of jurisdiction. Special Term denied appellant's motion "in the interest of justice"; denied the branch of plaintiffs' cross motion which sought reargument as moot; and directed a hearing as to the balance of the cross motion. Under the circumstances it was an improvident exercise of discretion for Special Term to grant relief to plaintiffs and to deny appellant's motion. Plaintiffs have failed, in opposition to the motion under review, to demonstrate the existence of a meritorious cause of action. Moreover, "law office failure" or "law office inadvertence" of plaintiffs' attorney is an insufficient reason to excuse an inordinate delay in the furnishing of the bill of particulars after service upon the attorney of an order of preclusion (see *Wolkowicki v Rizzo,* 43 AD2d 838; *Klinger v Dudley,* 40 AD2d 1078). Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.

■ PETER W. PETROSKY, Doing Business as MANHASSET HOME IMPROVEMENT, Respondent, v JACK A. VISSICCHIO, Also Known as JACK VICKERS, Appellant.—In an action to recover for work, labor and services, defendant appeals from an order of the Supreme Court, Nassau County, entered July 26, 1977, which granted plaintiff's motion to compel him to appear for an examination before trial. Order reversed, with $50 costs and disbursements, and motion denied. After having filed a statement of readiness without having taken the defendant's deposition, the plaintiff should not be permitted under rule 675.7 of the rules of this court (22 NYCRR 675.7) to assert as "unusual and unanticipated conditions" those which arise solely out of the proceedings in court subsequent to the filing of the statement of readiness. Under the former rule, a plaintiff filing a statement of readiness without taking the defendant's deposition waived the right to take the deposition (see *Morrison v Sam Snead Schools of Golf of N. Y.,* 13 AD2d 986). Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.