■ RICHARD J. HUBLEY, Appellant, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent. (Appeal No. 1.)—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In December, 1975 plaintiff commenced this action to recover under a policy of insurance for a fire loss sustained on January 5, 1975. The complaint contains causes of action for breach of a fire insurance policy and for negligence arising from the breach of the policy. On May 12, 1976, following the service of an answer and demand for a bill of particulars on behalf of defendant, Nationwide Mutual Fire Insurance Co. (Nationwide), a 30-day preclusion order entered with the consent of plaintiff's attorneys was served. Plaintiff's bill of particulars served over a year later on June 6, 1977 was rejected as untimely by the defendant. Special Term denied plaintiff's motion made on October 10, 1977 to vacate the preclusion order and granted Nationwide's motion for summary judgment, based on the outstanding preclusion order and plaintiff's consequent inability to sustain his causes of action. We reluctantly modify in view of a showing of "extraordinary and exceptional circumstances." Plaintiff explains that he was outside of the United States continuously from August 5, 1975 to June 2, 1977 with his precise whereabouts allegedly unknown to his attorneys who needed his assistance to frame and prepare a meaningful bill of particulars. The failure of plaintiff's attorneys to document their efforts to locate him reveals the infirmity of this excuse. Though Nationwide was entitled to the bill of particulars, it had the benefit of a great amount of information comparable to the information it sought in the bill of particulars. On March 18, 1975 plaintiff forwarded to his insurer a proof of loss as required by the policy. Although the proof of loss was later rejected, in May, 1975 plaintiff was examined under oath pursuant to the terms of the policy. A 91-page transcript of the examination was submitted for plaintiff's signature and

because of incorrect information appearing on one page, the transcript was not signed and returned to the insurer until June, 1977 when it was delivered to Nationwide along with the bill of particulars. Further, copies of the original and supplemental proof of loss, a contractor's estimate of the fire damage to the real property and an inventory of damaged personal property were appended as exhibits to plaintiff's complaint. Although the possession of this detailed information is no excuse for plaintiff's failure to file a bill of particulars, it is relevant to show that defendants suffered no prejudice from the delay (see *Blumberg v Bergstrom,* 55 AD2d 1049). Moreover, plaintiff's cause of action for damages under the policy of insurance has undisputed merit. Nationwide's answer admits the existence of the fire insurance policy and that the property covered by the insurance was fire damaged on January 5, 1975. In an affirmative defense submitted in mitigation of damages Nationwide alleges that it evaluated plaintiff's loss at $5,811.93 for the building and at $6,923.38 for its contents, and it calculated plaintiff's loss of earnings at $750 which it paid plaintiff and stated that the sum represented an advance payment to assist him in the immediate period following the loss. Thus, although the amount and extent of the damages are controverted and other defenses are raised, the fact of loss is not disputed. Clearly, plaintiff has a viable cause of action. We are mindful of our many prior holdings that conditional orders of preclusion may not be ignored with impunity and that they may be vacated only upon showing of "extraordinary and exceptional circumstances" *(Nessia v Marrone,* 59 AD2d 1054, and cases cited). However, "the greater the merit of the case the more excusable the delay and the greater would be the injustice of dismissal" *(Sortino v Fisher,* 20 AD2d 25, 32). Here, in balancing the excuse for the delay against the degree of merit and the lack of prejudice to the defendants, we find that plaintiff's rights under the policy should not be forfeited. The order of preclusion is vacated as it applies to plaintiff's cause of action for breach of the fire insurance policy. Special Term's order granting Nationwide's motion for summary judgment based upon the court's denial of plaintiff's motion to vacate must be similarly modified. However, plaintiff has failed to demonstrate a showing of merit for its "Second" cause of action based in negligence, and the denial of plaintiff's motion to vacate the order of preclusion and the granting of Nationwide's motion for summary judgment as it applies to this cause of action was proper. (Appeal from order of Oneida Supreme Court—vacate preclusion order, etc.) Present—Marsh, P. J., Moule, Cardamone, Simons and Schnepp, JJ.