because of incorrect information appearing on one page, the transcript was not signed and returned to the insurer until June, 1977 when it was delivered to Nationwide along with the bill of particulars. Further, copies of the original and supplemental proof of loss, a contractor's estimate of the fire damage to the real property and an inventory of damaged personal property were appended as exhibits to plaintiff's complaint. Although the possession of this detailed information is no excuse for plaintiff's failure to file a bill of particulars, it is relevant to show that defendants suffered no prejudice from the delay (see *Blumberg v Bergstrom,* 55 AD2d 1049). Moreover, plaintiff's cause of action for damages under the policy of insurance has undisputed merit. Nationwide's answer admits the existence of the fire insurance policy and that the property covered by the insurance was fire damaged on January 5, 1975. In an affirmative defense submitted in mitigation of damages Nationwide alleges that it evaluated plaintiff's loss at $5,811.93 for the building and at $6,923.38 for its contents, and it calculated plaintiff's loss of earnings at $750 which it paid plaintiff and stated that the sum represented an advance payment to assist him in the immediate period following the loss. Thus, although the amount and extent of the damages are controverted and other defenses are raised, the fact of loss is not disputed. Clearly, plaintiff has a viable cause of action. We are mindful of our many prior holdings that conditional orders of preclusion may not be ignored with impunity and that they may be vacated only upon showing of "extraordinary and exceptional circumstances" *(Nessia v Marrone,* 59 AD2d 1054, and cases cited). However, "the greater the merit of the case the more excusable the delay and the greater would be the injustice of dismissal" *(Sortino v Fisher,* 20 AD2d 25, 32). Here, in balancing the excuse for the delay against the degree of merit and the lack of prejudice to the defendants, we find that plaintiff's rights under the policy should not be forfeited. The order of preclusion is vacated as it applies to plaintiff's cause of action for breach of the fire insurance policy. Special Term's order granting Nationwide's motion for summary judgment based upon the court's denial of plaintiff's motion to vacate must be similarly modified. However, plaintiff has failed to demonstrate a showing of merit for its "Second" cause of action based in negligence, and the denial of plaintiff's motion to vacate the order of preclusion and the granting of Nationwide's motion for summary judgment as it applies to this cause of action was proper. (Appeal from order of Oneida Supreme Court—vacate preclusion order, etc.) Present—Marsh, P. J., Moule, Cardamone, Simons and Schnepp, JJ.

■ RICHARD J. HUBLEY, Appellant, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent. (Appeal No. 2.)—Order unanimously vacated in accordance with decision in *Hubley v Nationwide Mut. Fire Ins. Co.* (65 AD2d 946). (Appeal from order of Oneida Supreme Court—add party defendant.) Present—Marsh, P. J., Moule, Cardamone, Simons and Schnepp, JJ.

■ RICHARD J. HUBLEY, Appellant, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, et al., Respondents. (Appeal No. 3.)—Order unanimously vacated in accordance with decision in *Hubley v Nationwide Mut. Fire Ins. Co.* (65 AD2d 946). (Appeal from order of Oneida Supreme Court—preclusion order.) Present—Marsh, P. J., Moule, Cardamone, Simons and Schnepp, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v COUNTY OF MONROE et al., Petitioners.—Petition granted, without costs, order of appeal board reversed and determination of State division reinstated. Memorandum: The work release program is authorized by statute and it is entirely optional with the petitioners (Correction Law, § 870 *et seq.).* The election to