■ CHARLES CRAMES, Respondent, v WONDERKNIT CORPORATION et al., Appellants. — In an action on a contract, defendants appeal from an order of the Supreme Court, Nassau County (Wager, J.), entered July 12, 1982, which denied their motion for summary judgment dismissing the complaint. Order modified, on the law, by adding thereto after the word "denied" the following, "except that the motion is granted to the extent of striking the fourth cause of action from the complaint, and the claim for damages in the first cause of action is reduced to $135,000." As so modified, order affirmed, without costs or disbursements. We have reduced the claim for damages in the first cause of action in accordance with the parties' stipulation. We have dismissed the fourth cause of action since no separate cause lies for punitive damages. Damiani, J. P., Mangano, Thompson and O'Connor, JJ., concur.

■ CATHY DAVIS, Appellant, v HIGH SOCIETY MAGAZINE, INC., et al., Respondents. — In an action to recover damages pursuant to, *inter alia,* sections 50 and 51 of the Civil Rights Law, plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Aldrich, J.), dated January 7, 1982, as directed her to serve a bill of particulars and to appear for an examination before trial. Appeal dismissed as moot, with $50 costs and disbursements. By order dated July 1, 1981 Special Term (Jiudice, J.), granted summary judgment to plaintiff on the issue of liability and ordered her to serve a note of issue for a trial on the question of damages. Plaintiff complied, serving a note of issue and statement of readiness on July 3, 1981. Subsequently, by order dated August 11, 1981, Special Term granted defendants' motion for reargument of the order, dated July 1, 1981, and adhered to its original determination. It is uncontroverted that when plaintiff filed her note of issue and statement of readiness, the parties had not yet engaged in any discovery, although defendants had, in November of 1980, served a notice requesting an examination before trial and had also made a demand for a bill of particulars. By notice of motion dated October 12, 1981 defendants moved to strike the complaint or, alternatively, to strike the note of issue and the statement of readiness until plaintiff provides a bill of particulars and appears for an examination before trial. Special Term (Aldrich, J.) granted the motion to the extent of ordering plaintiff to serve a bill of particulars and to appear for a deposition within specified time periods and, in the interim, stayed the trial as to damages. We need not decide whether, under the circumstances of this case, defendants' failure to move to strike the case from the calendar within 20 days of service of the statement of readiness (22 NYCRR 675.3) effectuated a waiver of their right to depose plaintiff or to demand a bill of particulars (see *Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.,* 74 AD2d 734; *Petrosky v Vissicchio,* 59 AD2d 938; *Sampson v Barber Salvage Co.,* 78 AD2d 977). We note that, considering the discussions between the attorneys for the parties, as well as the nature of the sought-for information, the issue is open to question (see *Doll v Kleinklaus,* 66 AD2d 1003; *Cooper v Swallow,* 55 AD2d 752). However, pending appeal, this court, in another appeal, vacated Special Term's order granting plaintiff summary judgment on the liability phase of the case (*Davis v High Soc. Mag.,* 90 AD2d 374). That reversal effectively voids the note of issue and statement of readiness filed for an assessment of damages trial. Both parties are now free to proceed with discovery and with other pretrial matters pertinent to both the liability and damages aspects of this case. Damiani, J. P., Gibbons, Thompson and Boyers, JJ., concur.