■ ELDRE COMPONENTS, INC., Appellant-Respondent, v COMTEN, INC., Respondent-Appellant. — Order unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: Plaintiff

appeals from an order which conditionally granted defendant's motion for summary judgment based on plaintiff's default in serving a bill of particulars pursuant to a prior order of preclusion and which denied plaintiff's cross motion to compel defendant to accept service of its bill of particulars. The order conditioned summary judgment upon the results of a limited hearing to determine whether certain oral communications or correspondence, not in the moving papers, constituted an extension of time to serve a bill of particulars pending settlement negotiations. Defendant cross-appeals from that part of the order conditionally granting summary judgment contending that the order should have been absolute. Special Term properly conditioned granting summary judgment on the holding of a limited hearing to determine whether certain communications between the attorneys constituted an extension for service of the bill of particulars. Until the question of a time extension is resolved, a material issue of fact persists which precludes the granting of summary judgment (CPLR 3212, subds [b], [f]; see, also, *Fantasia v Carpenters' Finger Lakes Dist. Council Welfare Fund,* 73 AD2d 799). The issue of law office failure is also raised by plaintiff's appeal from the court's denial of its cross motion to compel acceptance of the bill of particulars. When this motion was decided, applicable case law provided that the trial courts were without discretion as a matter of law to excuse delay resulting from law office failure (see *Eaton v Equitable Life Assur. Soc.,* 56 NY2d 900; *Barasch v Micucci,* 49 NY2d 594), and this rule was applied to bills of particulars (see *Hatch v St. Joseph's Hosp.,* 93 AD2d 999; *Suggs v Hrabb,* 91 AD2d 819, 820). Since then, the Legislature has enacted CPLR 2005 (L 1983, ch 318, § 1) overruling *Barasch/Eaton.* Although the language of that amendment may not specifically apply to bills of particulars, the amendment does undermine the *Barasch/Eaton* rationale. Therefore, to the extent that our prior cases applied the *Barasch/Eaton* standard to nonpleading situations, we hereby overrule those cases. The order is thus modified to provide that in the event no waiver or extension is found Special Term should reconsider plaintiff's cross motion under pre-*Barasch* standards (see, e.g., *Hubley v Nationwide Mut. Fire Ins. Co.,* 65 AD2d 946; *Le Frois Foods Corp. v Aetna Ins. Co.,* 47 AD2d 994). (Appeals from order of Supreme Court, Monroe County, White, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.