■ SCHNEIDER OIL CO., INC., Respondent, v JAMES BEACH, Appellant. — Order unanimously reversed, with costs, and matter remitted to Supreme Court, Ontario County, for further proceedings, in accordance with the following memorandum: Defendant's motion to vacate a default judgment entered June 30, 1982 based on excusable neglect, fraud and misrepresentation (CPLR 5015, subd [a], pars 1, 3) was denied by Special Term because defendant established "nothing more than law office failure which clearly is no reason for granting the motion to vacate". The record is clear that defendant was served with a summons and complaint and filed a notice of appearance, but defaulted in answering the complaint. When this motion was decided, it was an abuse of

discretion to vacate a default on the application of a defendant whose only excuse was law office failure (*Eaton v Equitable Life Assur. Soc.*, 56 NY2d 900; see, also, *Barasch v Micucci*, 49 NY2d 594). Since then the Legislature has enacted CPLR 2005 which provides as follows: "Upon an application satisfying the requirements of * * * subdivision (a) of rule 5015, the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure." (L 1983, ch 318.) This new statute is applicable "in every action and proceeding heretofore commenced and which either: still is pending before a court; or the time for taking of an appeal from any order or judgment in such action has not yet expired, and in all actions and proceedings hereafter commenced." (L 1983, ch 318, § 3.) Since it is clear that the *Barasch/Eaton* rule is the basis of Special Term's decision, the order is reversed and the matter remitted to Special Term to reconsider its decision and to exercise its discretion under the pre-*Barasch/Eaton* balancing standard (see *Eldre Components v Comten, Inc.*, 97 AD2d 940; see, also, *Kahn v Stamp*, 52 AD2d 748). (Appeal from order of Supreme Court, Ontario County, Reed, J. — vacate default judgment.) Present — Hancock, Jr., J. P., Doerr, O'Donnell, Moule and Schnepp, JJ.