■ ANTHONY YOVANNONE et al., Individually and as Parents and Natural Guardians of DANA YOVANNONE, an Infant, Respondents, v SIBLEY's DEPARTMENT STORE et al., Appellants. — Order affirmed, without costs. All concur, except Boomer, J., who dissents and votes to reverse and grant defendants' motion, in the following memorandum.

Boomer, J. (dissenting). Plaintiffs were improperly granted relief from a conditional order of preclusion for failure to serve a bill of particulars. In view of the legislative overruling of *Barasch/Eaton* (CPLR 2005, L 1983, ch 318, § 1), the court now has discretion to excuse law office failures. In exercising this discretion we have held that the court should apply pre-*Barasch* standards (*Eldre Components v Comten, Inc.,* 97 AD2d 940). Pre-*Barasch,* "[t]ime and again we have held that conditional orders of preclusion for failure to serve a bill of particulars may not be disregarded with impunity, and that in the absence of extraordinary and exceptional circumstances it is an abuse of discretion by Special Term to grant relief from such an order" (*Le Frois Foods Corp. v Aetna Ins. Co.,* 47 AD2d 994; see, also, *Nessia v Marrone,* 59 AD2d 1054). Plaintiffs have failed to show any extraordinary and exceptional circumstances that would excuse their delay in failing to comply with the court order, Special Term's holding that "the infancy of one of the plaintiffs herein is

such an extraordinary and exceptional circumstance" was error since plaintiffs' failure to serve their bill of particulars was not related in any way to the child's infancy (see *Williams v Town of Irondequoit,* 59 AD2d 1049). ¶ We have also held that " 'the greater the merit of the case the more excusable the delay and the greater would be the injustice of dismissal' " (*Hubley v Nationwide Mut. Fire Ins. Co.,* 65 AD2d 946, 947, quoting *Sortino v Fisher,* 20 AD2d 25, 32). Here, plaintiffs failed not only to establish a reasonable excuse for the delay, but also to demonstrate the merit of their causes of action. ¶ The court may not grant relief from a default in the absence of an affidavit of merit containing evidentiary facts attested to by an individual with personal knowledge of the facts (*Raphael v Cohen,* 62 NY2d 700; *Barasch v Micucci,* 49 NY2d 594, 599). The affidavit of plaintiffs' counsel, who lacked personal knowledge of the facts, has no probative value (see *Andreano v Testa,* 64 AD2d 1019; *Klinger v Dudley,* 40 AD2d 1078, 1079). The verified bill of particulars cannot serve as an affidavit of merit since it contains no evidentiary facts but only conclusory statements of what the plaintiffs claim to be the negligence of the defendant. (Appeal from order of Supreme Court, Monroe County, Tillman, J. — summary judgment.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.