■ LeCESSE BROS. CONTRACTING, INC., Appellant, v ROCHESTER GAS & ELEC-TRIC CORPORATION, Appellant, and MONROE COUNTY WATER AUTHORITY, Re-spondent. ROCHESTER GAS & ELECTRIC CORPORATION, Third-Party Plaintiff-Appellant, v D.A. LePINE & Co., INC., et al., Third-Party Defendants-Respon-dents. — Order unanimously reversed, on the law and facts, with costs, and motion denied. Memorandum: Plaintiff and defendant (third-party plaintiff) appeal from an order of Special Term dismissing plaintiff's complaint as against the third-party defendant on the grounds of neglect to prosecute (CPLR 3216). We reverse. ¶ The threshold issue on this appeal is the question of law office failure. That plaintiff's action has merit which is supported by the record is not seriously in dispute. At the time the instant matter came before the court, Special Term was constrained to grant the motion on the basis of existing case law which held that "law office failures" as a matter of law are insufficient to defeat a motion to dismiss for failure to serve pleadings (*Barasch v Micucci,* 49 NY2d 594) or notes of issue (*Crucilla v Howe Richard-son Scale Co.,* 80 AD2d 575; *Abrams, Kochman, Rathskeller v Esquire Motels,* 79 AD2d 879). By the subsequent enactment of CPLR 2005, courts are now permitted to exercise discretion to excuse delay or default resulting from law office failure. This discretion extends not only to pleading defaults, but also encompasses nonpleading situations which arise pursuant to CPLR 3216 motions (*Eldre Components v Comten, Inc.,* 97 AD2d 940; Siegel, Supplemen-tary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1970-1983 Supp Pamph, CPLR C3216:30, pp 383-384). Indeed, the statute (CPLR 3216, subd [e]) provides that the court may grant a motion brought for want of prosecution unless the "party shows justifiable excuse for the delay" in complying with a demand to file a note of issue. ¶ The record reveals that after receiving the 90-day notice from the third-party defendant, plaintiff's attorney sought to schedule depositions of defendant needed to complete discovery. Defendant's attorney was to be on vacation and wrote a letter to plaintiff

indicating that depositions should be scheduled to accommodate this situation. Plaintiff's motion papers also contain an affidavit detailing efforts during the 90-day period to schedule deposition. Two weeks before the expiration of the 90-day period, a business partner of plaintiff's attorney in an unrelated business died, requiring the attorney to divert his attention to this business for a brief period. The motion to dismiss for want of prosecution was brought 14 days after the expiration of the 90-day statutory period. Under the circumstances, a justifiable excuse for the delay has been demonstrated and in the exercise of discretion the motion to dismiss should be denied. ¶ In view of the foregoing, we need not address the other issues raised by the third-party plaintiff. (Appeals from order of Supreme Court, Monroe County, Tillman, J. — dismiss complaint.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.