■ ZENEK PODOLSKY, Appellant, v ABRAHAM PODOLSKY et al., Respondents, et al., Defendants.—In an action, *inter alia,* for a judgment declaring ownership interests in certain income-producing properties, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated June 12, 1987, which, *inter alia,* denied his motion to vacate a default judgment entered against him upon his failure to timely serve a reply to the counterclaims asserted in the amended answer of the defendants Abraham and Linda Podolsky.

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, we agree with the Supreme Court that the interests of justice do not require vacatur of the default judgment against the plaintiff.

Although the plaintiff repeatedly asserted before the Supreme Court that he had timely effected service of his reply to the amended answer in compliance with a court order requiring that service be effected on or before April 22, 1985, it was established at a hearing held before a Referee that, in fact, service had not been timely. The plaintiff now seeks for the first time on appeal, to excuse his default pursuant to CPLR 2005 on the ground of law office failure. The claim of law office failure amounts to a concession that service was untimely and in violation of the court order. In any event, the plaintiff's default cannot be excused on the grounds of law office failure, inasmuch as he has completely failed to demonstrate any reason for the delay.

Nor has the plaintiff demonstrated a meritorious defense to the counterclaims in question. From the commencement of this action in 1984 through a second hearing before a Referee

in October 1986, the plaintiff had steadfastly denied that the defendant Abraham Podolsky, his son, who claims a 50% interest with the plaintiff in certain properties, had any interest whatsoever in the properties in question. In fact, the untimely reply to the amended counterclaims consists solely of denials of Abraham Podolsky's alleged interests. Similarly, the plaintiff's first affidavit of merit in support of his motion to vacate the default judgment only contained general denials. However, following a second hearing held in October 1986 on the issue of whether the plaintiff had a meritorious defense to the counterclaims, the plaintiff submitted additional affidavits and papers to the court, including his own affidavit and those of a number of his other children, as well as a number of partnerships tax returns, which revealed that the defendant Abraham Podolsky had at least a 20% interest in some of the properties in question. As this later submission totally contradicts all of the plaintiff's earlier verified pleadings, which were apparently untrue when verified and offered to the court, it cannot be said that the court abused its discretion in determining that the plaintiff failed to establish a meritorious defense to the counterclaims.

Under these circumstances, we decline to exercise our discretion to vacate the default in the interests of justice. Kunzeman, Weinstein and Kooper, JJ., concur.

Bracken, J. P. dissents and votes to reverse the order appealed from, to vacate the order and judgment dated May 3, 1985, and to remit the matter for a trial, on condition that the plaintiff, or the plaintiff's attorney, pay to the respondents, or their attorney, the sum of $1,000. The present action by the plaintiff is for, *inter alia,* a judgment declaring him to be the "sole owner and party in interest in the lease with the State of New York for the premises [located at] 3353 Nostrand Ave". The defendants Abraham and Linda Podolsky served an answer, which included 13 counterclaims which sought judgment directing, *inter alia,* (1) that the plaintiff be compelled to deliver such documents as would reflect Abraham Podolsky's alleged "50% ownership interest in the premises" (3353 Nostrand Ave.), (2) that a constructive trust be impressed on the Nostrand Avenue property, (3) that the plaintiff render an accounting with respect to the Nostrand Avenue property, (4) that a certain deed relative to property located at 6163-6193 Strickland Avenue be declared "null and void", (5) that the plaintiff render an accounting with respect to the Strickland Avenue property, (6) that a constructive trust be impressed on the Strickland Avenue property, (7) that the plaintiff render

an accounting with respect to certain property located on Avenue U, and (8) that a constructive trust be imposed upon certain property located at 850 West End Avenue.

The defendants also requested, in these 13 counterclaims, more than $7,000,000 in compensatory damages and a similarly exorbitant sum as punitive damages.

The plaintiff served a reply which contained general denials of all of the material allegations of these counterclaims. The timeliness of this reply is not disputed.

The defendants then served an amended answer which contained four counterclaims. Once again, the defendants demanded a judgment directing, *inter alia,* an accounting, or the imposition of a constructive trust, or both, with respect to the four properties described above, and also awarding substantial money damages. In these amended counterclaims, the defendants also demanded a judgment directing the conveyance to the defendant Abraham Podolsky, of certain of the properties described above.

By order dated April 15, 1985, the court granted the defendants' motion for a default judgment with respect to their counterclaims, unless the plaintiff were to serve a reply to the amended counterclaims on or before April 22, 1985. The plaintiff claims that a reply to the amended counterclaims was served on April 19, 1985. Nevertheless, in an order and judgment dated May 3, 1985, the court granted a default judgment in favor of the defendants. This court later dismissed an appeal from that order and judgment "without prejudice to an application at Special Term for leave to vacate the default".

A motion to vacate the order and judgment dated May 3, 1985 was made, and the issues raised therein were referred to a Referee. The Referee found, after a hearing, that the reply to the amended counterclaims was in fact mailed on April 26, 1985 when the envelope containing it was postmarked, rather than on April 19, 1985. The court adopted the report of the Referee and, after further submissions and testimony, denied the motion to vacate the order and judgment of May 3, 1985. This appeal followed.

I believe that it was an abuse of discretion, and hence error as a matter of law, for the Supreme Court to refuse to vacate the default judgment in favor of the defendants on their counterclaims. The relief granted by the court in its judgment and order dated May 3, 1985 is drastic. The plaintiff is directed in that judgment, to convey a 50% interest in each of

four separate income-producing properties. Whether the defendants would in fact be entitled to such relief, if the merits of the case were to be properly addressed, is not at all clear, since the factual and legal issues presented by the pleadings as they are currently framed are complex. To grant such relief without a trial of the merits, as punishment for what was a completely nonprejudicial delay in the service of a reply to the defendants' amended counterclaims, which were themselves duplicative of the 13 original counterclaims, to which a reply *had* been served, is, in my opinion, an abuse of the court's discretion *(see,* CPLR 5015 [a]; 2005; *cf., Silberstein v Production Fashions,* 137 AD2d 805; *Stolpiec v Wiener,* 100 AD2d 931). At the very least, I believe this court should, in the exercise of its own discretion, impose a less drastic sanction, and allow the plaintiff's technical default in pleading to be opened in order to permit the resolution, on the merits, of what appears, based on the present record, to be a very complicated case. A monetary sanction would, in my view, be a more condign punishment for the plaintiff's relatively inconsequential procedural default.