■ WALK & SMILE, INC., Appellant v 2491 ATLANTIC AVENUE CORP., Defendant and Third-Party Plaintiff-Respondent. AUTOMATIC SPRINKLER COMPANY, Third-Party Defendant-Respondent. (Action No. 1.) WALK & SMILE, INC., Appellant, v AUTOMATIC SPRINKLER COMPANY, Respondent. (Action No. 2.) —In two actions to recover damages for injury to property, the plaintiff in both actions appeals from an order of the Supreme Court, Kings County (Held, J.), dated May 29, 1987, which denied its motion to vacate a prior order of the same court, dated December 11, 1986, which dismissed the complaint in each action for failure to comply with a precalendar order of the same court, dated September 8, 1986.

Ordered that the order is affirmed, with costs to the third-party defendant-respondent in action No. 1 and respondent in action No. 2.

After a precalendar conference on September 8, 1986, an order was issued directing the plaintiff to submit to an examination before trial on October 28, 1986, and directing it to complete discovery and file a note of issue on or before November 14, 1986. The trial was scheduled to commence on December 11, 1986. However, when the parties appeared before Justice Held on that date, it became apparent that the discovery deadlines in the precalendar order had been disregarded, and that no examinations before trial had been held. Justice Held dismissed the complaints in an order dated December 11, 1986. The plaintiff then moved to vacate that order, and its motion was denied in the order appealed from.

The plaintiff's purported excuse for its failure to abide by the discovery schedule set forth in the precalendar order dated September 8, 1986, is based essentially on its attorneys' neglect. Whether this neglect was excusable is a question best left to the discretion of the Supreme Court, Kings County, which must be afforded the latitude necessary in order to manage its own calendar. Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion. Mangano, J. P., Bracken, and Sullivan, JJ., concur.

Spatt, J., dissents and votes to reverse the order appealed from and grant the plaintiff's motion to vacate the dismissal of the plaintiff's complaints on condition that, within 30 days after service upon it of a copy of this decision order, with notice of entry, (1) the attorneys for the plaintiff pay $1,000 in costs to the counsel for the defendant in each action for a total of $2,000, and (2) the plaintiff provides all discovery required in the precalendar order dated September 8, 1986; in the event those conditions are not complied with, Spatt, J., concurs and votes to affirm the order appealed from, with costs, with the following memorandum, in which Eiber, J., concurs: While I agree that the Supreme Court, Kings County, should be afforded the latitude necessary to properly manage its own calendar, based on the facts in this case it was an improvident exercise of discretion to refuse to vacate the order dismissing the complaints.

Significantly, the record indicates that the plaintiff had no prior history of delay or failure to comply with discovery orders. The precalendar order dated September 8, 1986, directed the plaintiff's attorney to provide, within 30 days, a number of documents including invoices, "receipts of property damaged", itemized repair bills, a proof of loss statement, and repair and maintenance records for a six-month period. Apparently, this discovery was furnished in a timely manner. The examinations before trial of all parties were directed to be completed by October 28, 1986, a note of issue was to be filed on or before November 14, 1986, and the attorneys were to appear in court ready for trial on December 11, 1986. Thus, the plaintiff was afforded three months to complete discovery and be ready for trial.

According to the affirmation submitted by the plaintiff's attorney "by an oversight of our offices' EBT Clerk, the above examinations were mistakenly adjourned by stipulation to December 17, 1986". Annexed to the plaintiff's motion papers is a stipulation dated October 29, 1986, adjourning the deposi-

tions to December 17, 1986, which was signed by the attorney for the defendant 2491 Atlantic Ave. Corp. (hereinafter Atlantic). The defendant Automatic Sprinkler Company conceded that it consented to a "short adjournment" but declined to stipulate to the date requested by the plaintiff. The precalendar order provides that no adjournments of examinations before trial may be stipulated to between the attorneys, without the express consent of the court, except for a period not to exceed five business days. Also, it is undisputed that the plaintiff's attorney attempted but was unable to reschedule the depositions for December 8, 1986, three days before the trial was scheduled. On December 11, 1986, the plaintiff's attorney appeared before the trial court, but was not ready for trial, and the complaints were dismissed.

The plaintiff moved to vacate the order dismissing the complaints by notice of motion dated December 15, 1986. Although the return date of the motion was set for an unusually long time after the date the motion was made, this delay apparently was caused by the difficulty in obtaining an affidavit of merit from the plaintiff's president. That affidavit was submitted subsequent to the service of the original motion papers.

The Supreme Court denied the motion on the grounds that the plaintiff violated the terms of the precalendar order, that the motion to vacate was not returnable for five months, and that the affidavit of merit was conclusory and inadequate.

Whether the plaintiff's motion is viewed as one to vacate the sanction of dismissal for failure to comply with a discovery schedule (CPLR 3126) or as one to vacate a default in proceeding to trial, the plaintiff, in order to prevail, must establish (1) that there is a reasonable excuse for the default, and (2) that it has a meritorious cause of action *(see, Battaglia v Hofmeister,* 100 AD2d 833, 835; *La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014). With regard to the question of whether the plaintiff has a meritorious cause of action, it ultimately supplied an affidavit of merit from its president Anthony Collado, in which he states that the "pipes located on the second, third and fourth floors of the above building froze and ruptured causing extensive water damage to my merchandise and fixtures located in my premises". The defendant Automatic Sprinkler Company admitted in its answer that, prior to this occurrence, it "entered into a contract with the owner of the building located at 2491 Atlantic Avenue, Brooklyn, New York, to inspect the sprinkler system on a monthly basis". The plaintiff has suffi-

ciently demonstrated a meritorious cause of action to recover damages caused by the ruptured pipes in the sprinkler system *(see, Payless Discount Centers v 24-29 N. Broadway Corp.,* 83 AD2d 960, 961 ["Sprinkler pipes do not ordinarily break if they are properly installed and maintained"]; *see also, Salch v Paratore,* 60 NY2d 851).

Turning to the issue of whether there was a reasonable excuse for the delay, there is no doubt that the reason the depositions were not held on schedule was because of law office failure on the part of the attorneys for the plaintiff. Under certain circumstances, in the exercise of discretion, we may excuse such conduct (CPLR 2005; *Raphael v Cohen,* 62 NY2d 700). However, it was not the intent of the Legislature to routinely excuse defaults based on law office failure, and we have declined to do so on a number of occasions where there have been lengthy delays and/or a failure to submit an affidavit of merit *(see, La Buda v Brookhaven Mem. Hosp. Center, supra; De Leo v Bertucci,* 98 AD2d 708). The discretion to excuse delay or a default resulting from law office failure extends not only to defaults in pleading but also encompasses violations of discovery orders pursuant to CPLR 3126 *(see, LeCesse Bros. Contr. v Rochester Gas & Elec. Corp.,* 101 AD2d 1021; Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:30, at 633-634 [1989 Supp Pamph]). Thus, law office failure may be weighed along with other relevant factors. Such factors include the merits of the action, the past history of the lawsuit, and the length of the delay *(see, Pieretti v Flair DéArt,* 99 AD2d 980).

Applying these principles of law to the facts in this case, I find that it fits within the narrow confines of CPLR 2005 in that the delay was reasonably brief, there was a good-faith attempt to complete the depositions prior to the trial date, and the application was supported by proof of a meritorious cause of action.

Further support for this determination is found in the repeatedly stated rule of law that the drastic remedy of dismissal is best suited to cases where there has been a willful or protracted delay or other contumacious conduct *(see, Anteri v NRS Constr. Corp.,* 148 AD2d 563; *Sawh v Bridges,* 120 AD2d 74, 78; *Stephens v Stephens,* 146 AD2d 625; *see also, Podolsky v Podolsky,* 145 AD2d 611; *Ramos v DeMond,* 127 AD2d 751; *Miller v County of Orange,* 120 AD2d 713; *Azzu v Sherman,* 117 AD2d 768; *Anteri v NRS Constr. Corp.,* 117 AD2d 696, 697, citing *Baumann v Dee,* 100 AD2d 504; *Ferraro*

*v Koncal Assocs.*, 97 AD2d 429; *Citizens Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.*, 92 AD2d 907).

While the conduct of the plaintiff's attorney is to be strongly disapproved, there was no finding of willful or contumacious behavior. Accordingly, the sanction imposed upon the plaintiff is unduly harsh. Moreover, dismissal of the complaint in this case is contrary to prior rulings of this court. For example, in *Bermudez v Laminates Unlimited* (134 AD2d 314), as in this case, the complaint was dismissed for failure to complete discovery in accordance with a precalendar order. The order required that the plaintiff furnish names and addresses of all eyewitnesses by April 3, 1984. The plaintiff did not furnish the names until three days before the trial in 1986. In reversing the Supreme Court, we stated: "Nevertheless, the Supreme Court never specifically found that the conduct of the plaintiff's attorneys was willful or contumacious, and absent such a finding the harsh sanction of preclusion or dismissal of the complaint is generally not warranted *(Sawh v Bridges*, 120 AD2d 74, 79, *appeal dismissed* 69 NY2d 852). * * * Under these circumstances, we are of the view that reinstatement of the complaint conditioned upon the payment of a penalty would be more appropriate than the outright denial of the elderly plaintiff's right to a day in court" *(Bermudez v Laminates Unlimited, supra,* at 315; *see also, Golden v Transport Taxi & Limousine Serv.,* 80 AD2d 870, 871 [the defendant's failure to appear for court-ordered examination before trial, directed after four adjournments of the examination at the defendant's request, did "not warrant the drastic sanction of striking their answer"]).

I find that the plaintiff's failure to abide by the discovery timetable set forth in the precalendar order dated September 8, 1986, was not willful or contumacious, the failure to complete depositions involved a relatively short delay by a litigant with no prior derelictions, and the plaintiff's motion to vacate was supported by the demonstration of a meritorious cause of action *(compare, Zletz v Wetanson,* 67 NY2d 711, 713, in which the plaintiff "through delays and other strategies, engaged in a course of conduct designed to yield one-sided disclosure in his favor"). Therefore, the delay in completing discovery did not warrant the ultimate sanction of dismissal.

Accordingly, the order at issue should be reversed and the plaintiff's motion to vacate the dismissal of the plaintiff's complaint should be granted on condition that (1) the attorneys for the plaintiff shall pay $1,000 in costs to each of the defendants' counsel in the total sum of $2,000, and (2) the

plaintiff shall furnish all discovery required in the precalendar order dated September 8, 1986, both conditions to be effected within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry. In the event those conditions are not complied with, the order should be affirmed.