■ In the Matter of MIPOR ASSOCIATES, Appellant, v BOARD OF ASSESSORS OF THE CITY OF NEW ROCHELLE et al., Respondents. [774 NYS2d 818]—

In a consolidated proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals (1), as limited by its brief, from stated portions of an order of the Supreme Court, Westchester County (Rosato, J.), entered November 22, 2002, which,

inter alia, granted that branch of the respondents' motion which was to dismiss the causes of action based on excessive assessment, and (2) from a judgment of the same court entered February 27, 2003, which, upon granting the respondents' motion to dismiss the remaining causes of action, dismissed the remaining causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the respondents' motion to dismiss the causes of action based on excessive assessment. The petitioner failed to allege that the assessed value of the subject real property exceeded the full value of the property (*see Matter of Wolf v Assessors of Town of Hanover,* 308 NY 416, 423 [1955]; *Matter of Mid Point Apts. v Town of Poughkeepsie,* 59 Misc 2d 846 [1969]). Furthermore, the Supreme Court properly granted the respondents' subsequent motion to dismiss the remaining causes of action. After requesting that the Supreme Court set this matter on the calendar for trial, the petitioner appeared on the trial date and indicated that it was not ready to commence trial. The petitioner failed to offer a reasonable excuse for its failure to be ready, and in addition, failed to offer a reasonable excuse for its failure to comply with the Supreme Court's discovery order (*see Basetti v Nour,* 287 AD2d 126, 133 [2001]; *Walk & Smile v 2491 Atl. Ave. Corp.,* 150 AD2d 366 [1989]).

The petitioner's remaining contentions are without merit. Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.