■ ERIC M. JOANNIS, Appellant, v KATHLEEN J. CAHILL et al., Respondents. [897 NYS2d 575]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered November 10, 2008 in a personal injury action. The order, insofar as appealed from, denied the cross motion of plaintiff for partial summary judgment on the issue of negligence.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the bicycle he was riding collided with a vehicle operated by Kathleen J. Cahill (defendant) and owned by defendant Dennis B. Cahill. As relevant on appeal, plaintiff cross-moved for partial summary judgment on the issue of negligence, seeking a trial on the issues of "serious injury and damages only." We conclude that Supreme Court properly denied plaintiff's cross motion.

At the time of the accident, defendant was driving northbound on North Goodman Street and was attempting to turn right onto the Route 104 ramp. Plaintiff was also traveling northbound on the sidewalk adjacent to North Goodman Street and was attempting to proceed straight through the crosswalk on his bicycle. It is undisputed that the traffic signal controlling the intersection was green in favor of both plaintiff and defendant. Pursuant to Vehicle and Traffic Law § 1111 (a) (1), "[t]raffic, except pedestrians, facing a steady circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. Such traffic, including when turning right or left, *shall yield the[right-of-way] to other traffic lawfully within the intersection or an adjacent crosswalk* at the time such signal is exhibited" (emphasis added). We reject the contention of plaintiff that he was lawfully within the crosswalk because the pedestrian-control signal displayed a "walking person" immediately prior to the accident (§ 1112 [a]). As a bicyclist, plaintiff was "subject to the vehicular traffic control devices at the intersection, i.e., the traffic signal light . . . , and not the pedestrian[-]control device" (*Redcross v State of New York*, 241 AD2d 787, 791 [1997], *lv denied* 91 NY2d 801 [1997]; *see* Vehicle and Traffic Law § 1231; *see also* §§ 130, 152).

We also reject the contention of defendants, however, that defendant had the right-of-way because plaintiff was required to stop before entering the crosswalk pursuant to Vehicle and Traffic Law § 1234 (c). That statute provides that "[a]ny person operating a bicycle . . . who is entering the roadway from a private road, driveway, alley or over a curb shall come to a full stop before entering the roadway." It is inapplicable where, as here, the plaintiff was crossing the roadway in a marked crosswalk after leaving the sidewalk through a curb cut (*cf. Abbate v Liss*, 284 AD2d 487 [2001]).

We thus conclude that both plaintiff and defendant had the right-of-way at the time of the accident and were each required to "yield the [right-of-way] to other traffic lawfully within the intersection or [the] adjacent crosswalk" (Vehicle and Traffic Law § 1111 [a] [1]). Plaintiff failed to meet his initial burden of establishing that he entered the intersection first (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Indeed, plaintiff submitted the deposition testimony of a witness who testified that she believed defendant had already begun turning into the intersection before plaintiff entered the crosswalk. Even assuming, arguendo, that plaintiff met his initial burden on the cross motion, we conclude that defendants raised a triable issue of fact in opposition by submitting, inter alia, an affidavit from an expert in accident reconstruction and forensic engineering who indicated that defendant's vehicle had almost completed its turn when plaintiff entered the crosswalk (*see generally id.*). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.