Hart v Chiang (2023 NY Slip Op 06241)

Hart v Chiang

2023 NY Slip Op 06241

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2020-03285
 (Index No. 613909/18)

[*1]Jennifer Hart, etc., appellant, 
v
Catherine Chiang, et al., respondents.

Joseph C. Andruzzi, Bethpage, NY, for appellant.
Vincent D. McNamara, East Norwich, NY (Helen M. Benzie of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered February 19, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2018, the plaintiff's son (hereinafter the infant) allegedly was injured when a vehicle operated by the defendant Catherine Chiang (hereinafter the defendant driver) and owned by the defendant County of Nassau collided with a bicycle operated by the infant at the intersection of Forest Avenue and Merrick Road in Nassau County. The infant allegedly was traveling northbound on the west sidewalk of Forest Avenue, while the defendant driver was traveling westbound on Merrick Road. The collision occurred when the infant turned right from the sidewalk on Forest Avenue to travel east on Merrick Road at the same time that the defendant driver turned left from Merrick Road to travel south on Forest Avenue.
The plaintiff, as parent and natural guardian of the infant, commenced this action to recover damages for personal injuries. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order entered February 19, 2020, the Supreme Court, among other things, denied that branch of the motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Ortiz v Zurita, 195 AD3d 734, 735 [internal quotation marks omitted]). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1121 [internal quotation marks omitted]). Under Vehicle and Traffic Law § 1234(c), "[a]ny person operating a bicycle . . . who is entering the roadway from a private road, driveway, alley or over a curb shall come to a full stop before entering the roadway." Vehicle and Traffic Law § 1234(c) is inapplicable where the bicycle operator crosses "the roadway in a marked crosswalk after leaving the sidewalk through a curb cut" (Joannis v Cahill, 71 AD3d 1437, 1439).
Here, the plaintiff failed to satisfy her burden of establishing her prima facie entitlement to judgment as a matter of law. In support of the motion, the plaintiff submitted, inter [*2]alia, transcripts of the deposition testimony of the infant and the defendant driver . At his deposition, the infant testified that when he was riding on the sidewalk of Forest Avenue, he began to turn right when he saw that there was a green light for vehicles heading east-west on Merrick Road. He further testified that he was in the crosswalk on Forest Avenue when the collision occurred, but he failed to testify that he stopped before making the turn. On the other hand, the defendant driver testified that she observed the infant 10 to 15 feet south of the crosswalk on Forest Avenue immediately after the collision. This conflicting testimony raised a triable issue of fact as to whether the infant was the sole proximate cause of the collision by violating Vehicle and Traffic Law § 1234(c) by failing to stop before entering the roadway (see Tucubal v National Express Tr. Corp., 209 AD3d 788, 789; Abbate v Liss, 284 AD2d 487, 487). Moreover, the uncertified police report submitted in support of the motion did not constitute evidentiary proof in admissible form sufficient to warrant judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562-563; Yassin v Blackman, 188 AD3d 62, 63).
The plaintiff's contention that the defendants violated Vehicle and Traffic Law § 1141 is improperly raised for the first time on appeal. Additionally, in light of our determination, we need not reach the plaintiff's remaining contention.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court