Olivo v Rent A Unit NY, Inc. (2024 NY Slip Op 03895)

Olivo v Rent A Unit NY, Inc.

2024 NY Slip Op 03895

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-02945
2022-06803
 (Index No. 518367/20)

[*1]Louis Olivo, respondent, 
v
Rent A Unit NY, Inc., et al., appellants.

Gallo Vitucci Klar, LLP, New York, NY (C. Briggs Johnson of counsel), for appellants.
Liakas Law, P.C., New York, NY (Stephen J. Liakas and Courtney F. Kane of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Lillian Wan, J.), dated February 24, 2022, and (2) an order of the same court (Lawrence Knipel, J.) dated August 3, 2022. The order dated February 24, 2022, granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct. The order dated August 3, 2022, insofar as appealed from, denied that branch of the defendants' motion which was to vacate the note of issue.
ORDERED that the order dated February 24, 2022, is reversed, on the law, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct is denied; and it is further,
ORDERED that the order dated August 3, 2022, is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was to vacate the note of issue is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle he was operating collided with a box truck owned by the defendant Rent A Unit NY, Inc., and operated by the defendant Jabari A. Barnwell (hereinafter the defendant driver). Prior to any depositions being held, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct. By order dated February 24, 2022, the Supreme Court granted the plaintiff's motion. Thereafter, the plaintiff filed a note of issue and certificate of readiness for trial. Approximately one month later, the defendants moved, inter alia, to vacate the note of issue. By order dated August 3, 2022, the court, among other things, denied that branch of the defendants' motion. The defendants appeal from both orders.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Hart v Chiang, 222 AD3d 628, 629 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312). There may be more than one proximate cause of an accident, and proximate cause is generally an issue to be determined by the trier of fact (see Howard v Poseidon Pools, 72 NY2d 972, 974; Marmol v Pina Constr. Corp., 216 AD3d 761, 761).
In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving parties (see Stukas v Streiter, 83 AD3d 18, 22). Additionally, "a motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Sanders v Sangemino, 185 AD3d 617, 618 [alterations and internal quotation marks omitted]).
Here, in support of his motion, the plaintiff submitted a copy of the police accident report and his own affidavit. According to the plaintiff's affidavit, the collision occurred in the afternoon on a clear day with dry roads, while the plaintiff's vehicle was traveling on a street and the defendant driver was backing his box truck into the street in the opposite direction of moving traffic. However, the plaintiff failed to describe how fast his vehicle was traveling or when he first observed the box truck, notwithstanding the fact that the plaintiff was aware of construction taking place in the area. Additionally, the plaintiff did not indicate in his affidavit how fast the box truck was traveling as it backed into the street. Further, the police report indicated that the defendant driver was backing out from a parked position at a slow rate of speed when the plaintiff's vehicle, traveling at a "fast rate of speed," struck the box truck. The possibility that the plaintiff was traveling at a fast rate of speed is consistent with the police report and the plaintiff's affidavit insofar as each indicated that the plaintiff's vehicle spun out of control and struck a parked vehicle after colliding with the box truck. Since the plaintiff's own submissions raised triable issues of fact (see Tejada v Cedeno, 173 AD3d 808, 808-809; Kadashev v Medina, 134 AD3d 767), the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defenses alleging comparative negligence, contributory negligence, and culpable conduct, without regard to the sufficiency of the defendants' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Under the particular circumstances presented here, including our determination to reverse the order dated February 24, 2022, we reverse so much of the order dated August 3, 2022, as denied that branch of the defendants' motion which was to vacate the note of issue and grant that branch of the defendants' motion (see Summit Rovins & Feldesman v Fonar Corp., 213 AD2d 201; Davis v High Socy. Mag., 92 AD2d 857).
The defendants' remaining contention need not be reached in light of our determination.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court