■  JENNIE ROMA, Respondent, v. IRVING BLAUSTEIN, Appellant.— In a medical malpractice action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Kings County, entered January 16, 1973, in favor of plaintiff, upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The questions of fact have not been considered on this appeal. Plaintiff, a woman in her seventies, was a patient in the office of defendant for the purpose of receiving medical care and treatment. She contended she was ushered into the examining room and directed by defendant to sit on a stool that had a swiveling seat, without arms or back rest, resting on legs with free wheeling castors; was then left alone; fell off the stool; and suffered injury. The theory of her action was that defendant was negligent when he left her unattended on the stool. The jury returned a verdict in her favor. However, because of numerous errors, the judgment entered thereon must be reversed and a new trial granted. Plaintiff's medical expert testified that the stool was unsuitable for the purpose for which it was used. The hypothetical question used to introduce this testimony was, upon objection, overruled. The witness' opinion was tested on cross-examination, but, at the close thereof, defense counsel requested that the testimony of this witness concerning the suitability of the stool be stricken. The trial court agreed that the testimony would have been inadmissable if elicited by plaintiff, but refused to strike the testimony because it had been elicited on cross-examination. This was error. The testimony had been elicited upon direct examination and over objection. It should not have been admitted. Defense counsel was privileged to inquire into the matter on cross-examination in order to lessen the prejudicial effect on the jury of having a medical expert testify as to his opinion which was not peculiarly within the province of his expertise. This witness testified that it was bad practice to leave a person of plaintiff's age unattended in an examining room. Defendant's medical expert testified that there was no such absolute rule, that it depended upon the circumstances and that, under the circumstances of this case, he did not see anything medically wrong with defendant's having left plaintiff unattended in the examining room. Nevertheless, in marshaling the evidence, the trial court told the jury that both plaintiff's and defendant's medical experts had testified "that they would not leave a patient of this lady's age and condition in an examining room unattended." True it is that the court also instructed the jury that it was their recall of the testimony that controlled. However, it is obvious that nothing short of complete retraction by the court could have countered the prejudice that resulted. Yet, when counsel excepted to this portion of the charge, the court stated that it disagreed with counsel's recollection. Under the circumstances, the court's charge was tantamount to a directed verdict. It was also error for the trial court to charge that as a matter of law there was no reasonable explanation for the failure to call defendant's wife as a witness. For one thing, the reasonability of any explanation would be for the jury. More importantly, the court had curtailed defense counsel's attempt to elicit testimony as to why defendant's wife had not been called. It was improper to exclude an explanation from being given and then to rule, to defendant's detriment, that no explanation had been given. In addition, it was error for the trial court to refuse to charge that evidence of no prior accidents is a factor for consideration on the issue of the condition of the instrument of harm (Orlick v. Granit Hotel & Country Club, 30 N Y 2d 246). Although a trial court is granted wide latitude in controlling the conduct of a trial, here the court exercised its discretion improvidently in a number of instances, to wit: (1) The court affirmatively placed its credibility at direct

odds with defense counsel's credibility concerning physical observation of an occurrence during trial. When arguing with defense counsel several times, the court asked plaintiff's counsel whether he agreed with the court. (2) At one point the court apparently violated its own rule that the jury was to be let out at 4:00 P.M. and insisted that defense counsel come up with another witness or rest its case. When defense counsel tried to place the time of day on the record, the court cut him short and told him to stop quibbling. (3) The court refused to permit immediate argument of objections. Instead, it ruled that they were to be argued at the next recess. Generally speaking, we do not approve of such a practice, since, if the court were to reverse itself upon hearing argument, the error may not be amenable to correction because of the passage of time. We do not mean to intimate however that the court was compelled to hear argument before ruling on objections, but that if it were going to do so such argument should not be in the manner indicated. (4) The court refused to permit the taking of an exception, going so far as to threaten defense counsel with contempt if he should do so, and stated, "I will not stand for any lawyer in my courtroom saying, 'I except,' to let the jury know you don't agree with my rulings." While formal exceptions to rulings are no longer required (CPLR 4017), this reprimand was antagonistic, as the court was well aware that experienced trial counsel, by reason of their training under the former Civil Practice Act, are overzealous in attempting to protect the record. In addition, the court refused to permit defense counsel to make any objections during plaintiff's counsel's summation, although the record does not support the court's holding that defense counsel had been constantly interrupting the summation for no valid reason. (5) The court refused to allow defense counsel to converse with defendant at the luncheon recess between direct and cross-examination of defendant. This, besides being unfair to defendant in unreasonably restricting counsel's manner of trying his case, gave the distinct impression that the court favored plaintiff's case. Shapiro, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.