■ ANA BERMUDEZ, Also Known as ANNA BERMUDEZ, Appellant, v LAMINATES UNLIMITED INC., et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated August 8, 1986, which dismissed the complaint. The appeal brings up for review an order of the same court, dated April 21, 1986, which precluded her from calling at trial certain witnesses listed in a letter dated April 14, 1986, on the ground that the plaintiff did not previously list or identify the names of those witnesses as required by an order of the same court dated March 21, 1984.

Ordered that the judgment is reversed, without costs or disbursements, the order dated April 21, 1986 is vacated, and the plaintiff's complaint is reinstated on condition that the plaintiff's attorneys personally pay the sum of $2,500 to the defendant Laminates Unlimited Inc., within 20 days after service upon the plaintiff's attorneys of a copy of this decision and order, with notice of entry; in the event that condition is not complied with the judgment is affirmed, with costs.

By letter dated April 14, 1986, four days prior to commencement of trial, the plaintiff's attorneys disclosed the names of five witnesses that they intended to call to testify at trial.

The Supreme Court, Kings County, precluded the plaintiff from calling those witnesses at trial on the ground that the plaintiff had failed to timely comply with a so-called "8-A"

preliminary conference order dated March 21, 1984. That order required the parties, *inter alia,* to "[e]xchange names and addresses of eyewitness" within 45 days.

There is no question that the letter of the plaintiff's attorneys dated April 14, 1986, was a very tardy response to, and serious disregard of the preliminary conference order. Indeed, the plaintiff's attorneys filed a note of issue and statement of readiness as early as April 1985 thereby indicating that all discovery had been completed. Nevertheless, the Supreme Court never specifically found that the conduct of the plaintiff's attorneys was willful or contumacious, and absent such a finding the harsh sanction of preclusion or dismissal of the complaint is generally not warranted *(Sawh v Bridges,* 120 AD2d 74, 79, *appeal dismissed* 69 NY2d 852). In addition, the record indicates that the identity of 3 of the 5 witnesses listed in the letter of plaintiff's attorneys dated April 14, 1986, including that of the key eyewitness, was known by the defendants for some time prior thereto. Under these circumstances, we are of the view that reinstatement of the complaint conditioned upon the payment of a penalty would be more appropriate than the outright denial of the elderly plaintiff's right to a day in court *(see, Moran v Rynar,* 39 AD2d 718). Upon timely payment by the plaintiff's attorneys of the penalty imposed herein the matter should be removed from the Trial Calendar in order to afford the defendants a reasonable opportunity to conduct any appropriate discovery with respect to the plaintiff's witnesses listed in the letter of the plaintiff's attorneys dated April 14, 1986. Thompson, J. P., Brown, Lawrence and Spatt, JJ., concur.