■ BLANCA DeJESUS et al., Respondents, v PHILIP J. FINNEGAN, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered September 25, 1986, which upon a jury verdict apportioning fault in the happening of the accident at 10% on the part of the plaintiff Blanca DeJesus and 90% on the part of the defendant, and assessing damages, is against him and in favor of the plaintiff Blanca DeJesus in the principal sum of $197,168.40 and in favor of the plaintiff Jose DeJesus in the principal sum of $9,000.

Ordered that the judgment is affirmed, with costs.

The defendant claims error, *inter alia,* in the trial court having allowed two of the plaintiffs' witnesses to testify despite the fact that these witnesses had not been listed by the plaintiffs in response to the defendant's demand for discovery of names and addresses of eyewitnesses. The defendant did, however, have actual notice of the identity of these two individuals. One was a police officer who did not witness the accident and merely responded to the accident scene, and the other had been driving behind the plaintiff and was an actual eyewitness. This individual's name was listed on the police report.

In *Bermudez v Laminates Unlimited* (134 AD2d 314), this court found that absent a finding that the failure of the plaintiffs' attorney to provide the names and addresses of eyewitnesses was willful or contumacious, the imposition of the harsh sanction of dismissal is unwarranted. Since the

record in the instant case lacks evidence of the attorney's willfulness we cannot find error in the court allowing these witnesses to testify. We emphasize that it is clear that the identity of the witnesses was known to the defendant.

We have examined the defendant's other claims of error, including his claim that the jury's verdict was excessive, and find them to be without merit. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.