■ GERALD LOCASTRO, Appellant, v HILDA HORN et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered August 4, 1986,

which, upon a jury verdict, in favor of the defendants and against him.

Ordered that the judgment is affirmed, with costs.

The trial court did not deprive the plaintiff of a fair trial by permitting the defendants' granddaughter Susan Thanasides to testify in their behalf at trial. Despite the defendants' failure to name her as an eyewitness to the parties' motor vehicle accident in a notice which was served pursuant to an order to produce of the Supreme Court, Suffolk County (Jones, J.), dated March 25, 1983, the plaintiff can hardly claim surprise by her being called as a witness at trial (cf., Cotter v Mercedes-Benz Manhattan, 108 AD2d 173). For years prior to the trial the plaintiff was in possession of a certified motor vehicle accident report which named Susan Thanasides as a passenger in the defendants' vehicle. Further the plaintiff had examined the defendants before trial, at which deposition it was confirmed that Thanasides had been a passenger in the defendants' vehicle when the accident occurred. We note that the defendants' failure to name Thanasides as an eyewitness in their notice was not contumacious and was seemingly inadvertent in that the defendants' failed to name any of the passengers in their vehicle in their notice but instead named only the nonpassenger eyewitnesses of whom they were aware. Furthermore, the trial court adjourned the trial to enable the plaintiff's attorney to prepare to conduct an examination before trial of Thanasides. The plaintiff acquiesced in this resolution of the issue and never moved to strike Thanasides's testimony. It is thus apparent that the actual prejudice suffered by the plaintiff by virtue of Thanasides's testifying was minimal and the exclusion of her testimony would have been unwarranted (cf., Ramos v DeMond, 127 AD2d 751).

We further find that the trial court did not err in allowing Thanasides to testify about her grandparents' physical condition at the time of trial. The defendants, who had been subpoenaed as witnesses by the plaintiff, failed to appear at trial. Since there was a factual question as to whether these witnesses' physical condition prevented them from testifying, whether these witnesses were available presented a factual question for the jury (see, Roma v Blaustein, 44 AD2d 576). Thus, Susan's testimony regarding her grandparents' physical infirmities was relevant and properly permitted.

We have examined the plaintiff's remaining contentions and find them to be unpreserved and in any event without merit. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.