■ CURTIS STANBACK, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent.—In a claim to recover damages for personal injuries arising from medical malpractice, the State of New York appeals from a judgment of the Court of Claims (Hanifin, J.), entered April 11, 1989, which, after a nonjury trial, is in favor of claimant and against it in the principal sum of $100,000, and the claimant cross-appeals from the same judgment on the ground of inadequacy.

Ordered that the judgment is affirmed, without costs or disbursements.

In June 1981 the claimant, an inmate incarcerated at the Suffolk County Correctional Facility, slipped on a wet flight of stairs and injured his right knee. During the next 3½ years, the claimant was transferred to five other correctional facilities within the New York State Department of Correctional Services. During this period, the claimant continuously complained to prison officials of pain, swelling, and grinding of his injured knee, and instability in his legs.

The evidence adduced at the trial establishes that the State failed to properly diagnose the claimant's condition as a torn meniscus and ligament injury, despite the fact that he exhibited the classic symptoms of such an injury. This failure to diagnose also resulted in an unreasonable delay in treatment. Although the uncontroverted testimony of the claimant's expert medical witness demonstrated that an arthrogram would have revealed the claimant's condition, the State treated him with nothing more than ace bandages, corrective shoes, braces and painkillers for over 3½ years. When the State finally did perform an arthrogram in the summer of 1984, the necessary arthroscopic surgery was delayed for about another year.

We find that the State unreasonably delayed properly diagnosing and treating the claimant for his injury, and that this failure constituted medical malpractice. Contrary to the State's contention, these acts and omissions amount to something more than an honest error in professional judgment (see, Bell v New York City Health & Hosps. Corp., 90 AD2d 270, 279; Larkin v State of New York, 84 AD2d 438). Moreover, the State may not insulate itself under the professional medical judgment rule, since it did not exercise its judgment pursuant to a careful examination of the claimant's condition (see, Bell v New York City Health & Hosps. Corp., supra).

The evidence adduced at trial further demonstrates that the claimant continued to suffer pain until the arthroscopic procedure was performed, and that reconstructive surgery has been

recommended. Under these circumstances, we further conclude that the award of $100,000, representing $35,000 for past pain and suffering, and $65,000 for future pain and suffering, was appropriate (see, *Jurgen v Linesburgh,* 159 AD2d 689; *Holshek v Stokes,* 122 AD2d 777). Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.