■ OLGA MARRA, Respondent, v JOHN FAVARA, Doing Business as ANDRE HAIR STYLES, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Brucia, J.), entered February 22, 1990, which granted the plaintiff's motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendant on the issue of liability and ordered a new trial.

Ordered that the order is reversed, on the law and the facts and as a matter of discretion, without costs or disbursements, the plaintiff's motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment on the verdict.

This negligence action arose when the plaintiff slipped and fell in the defendant's hair salon. Upon a trial limited to the issue of liability, both parties testified, offering drastically different accounts of what transpired in the salon when the plaintiff fell. Upon examining the record, we find that the verdict in favor of the defendant is not contrary to the weight of the evidence. "In order to set aside a jury verdict for a defendant, the evidence must preponderate so greatly in the plaintiff's favor that the verdict could not have been reached upon any fair interpretation of the evidence" *(Columbia v Horowitz,* 162 AD2d 579; *Nicastro v Park,* 113 AD2d 129; *Salazar v Fisher,* 147 AD2d 470). The jury's verdict, which must be accorded great deference *(see, Salazar v Fisher, supra)* was amply supported by the evidence presented.

Based on the foregoing we conclude that the trial court

erred in setting aside the jury verdict and thus reinstate it. Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.