■ DONALD BURTON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [595 NYS2d 807] —In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Irving Aronin, J.), entered May 24, 1990, which, upon a jury verdict finding it 65% at fault and the plaintiff 35% at fault in the happening of the accident, and finding that the plaintiff had suffered damages in the amount of $633,318 ($525,000 for pain and suffering, $8,318 for past medical expenses, and $100,000 for future medical expenses), is in favor of the plaintiff and against it in the principal sum of $411,656.70.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by reducing the principal sum awarded to the plaintiff to the principal sum of $70,406.70, representing the defendant's proportionate share of the damages for past and future medical expenses, and adding thereto a decretal paragraph severing the plaintiff's claim to recover damages for pain and suffering and granting a new trial with respect thereto unless the plaintiff serves and files in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation signed by him consenting to decrease the verdict as to damages for pain and suffering from $525,000 to $262,500, and to the entry of an amended judgment accordingly awarding the plaintiff the principal sum of $241,031.70, plus costs and interest; as so modified, the judgment is affirmed, without costs or disbursements, and the plaintiff's time to serve and file the stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff, who was 26 years old at the time, sustained a serious knee injury when he fell down a stairway in the public area of a building owned and maintained by the defendant. The evidence clearly supported the jury's conclusion that the accident resulted from the state of disrepair in which the stairway was maintained. As a result of the accident the plaintiff suffered a ruptured meniscus, along with related damage to ligaments, tendons and soft tissue. The plaintiff was required to undergo reconstructive surgery which involved the removal of the ruptured meniscus. A subsequent arthroscopic examination revealed severe cartilage deterioration, which in the opinion of the plaintiff's medical expert indicated the probable need for a future knee replacement operation. This expert also concluded that the plaintiff's knee had developed a severe arthritic condition and that the injury was permanent in nature.

The trial court improvidently exercised its discretion by entirely curtailing the defendant's cross-examination of the plaintiff and other of the plaintiff's witnesses concerning the underlying facts of his prior conviction of endangering the welfare of a minor and his alleged excessive corporal punishment of his former girlfriend's children (see, CPLR 4513; *Murphy v Estate of Vece,* 173 AD2d 445; *Gedrin v Long Is. Jewish-Hillside Med. Ctr.,* 119 AD2d 799; see also, Richardson, Evidence §§ 500, 506 [Prince 10th ed]). However, under the

facts of this case we find that the error was harmless as it did not substantially prejudice the defendant's case *(see, Kutanovski v DeCicco,* 152 AD2d 540; *Rodriguez v Board of Educ.,* 104 AD2d 978).

Contrary to the defendant's assertion, the trial court's action in refusing to preclude testimony by two of the plaintiff's witnesses on the ground that the plaintiff failed to formally notify the defendant of their names and addresses was not an improvident exercise of discretion. The improper conduct by plaintiff's counsel was not willful or contumacious *(see, DeJesus v Finnegan,* 137 AD2d 649; *Bermudez v Laminates Unlimited,* 134 AD2d 314), and the record demonstrates that one of these witnesses had actually been interviewed by the defendant's investigators, while defense counsel was given the opportunity to depose the other prior to that witness testifying. In addition, the existence of both witnesses had been made known to the defendant at the plaintiff's examination before trial. Taken together, these facts demonstrate the propriety of the trial court's ruling *(see, Locastro v Horn,* 138 AD2d 358; *DeJesus v Finnegan,* 137 AD2d 649, *supra; Bermudez v Laminates Unlimited,* 134 AD2d 314, *supra; Sadler v Barrow,* 108 AD2d 739; *cf., Hughes v Elias,* 120 AD2d 703).

Although the plaintiff's arthroscopic examination was not listed in his bill of particulars, it is clear that this procedure resulted only in the confirmation of those injuries which were properly alleged by the plaintiff. The defendant was in no way unfairly surprised by the admission of testimony on this point *(see, Holbrook v Jamesway Corp.,* 141 AD2d 905, 907).

However, we find that the damages for pain and suffering are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case *(see,* CPLR 5501 [c]; *see generally, Castellano v City of New York,* 183 AD2d 800; *Bisbee v Independent Coach Corp.,* 182 AD2d 661; *Silva v Micelli,* 178 AD2d 521; *Stanback v New York,* 163 AD2d 298). Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.