■ ABIGAIL V. GUILLEN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [596 NYS2d 88] —In a negligence action to recover damages for personal injuries sustained as a result of a motor vehicle accident, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), entered October 24, 1990, which, upon a jury verdict determining that the plaintiff was not present in the vehicle at the time the accident occurred, is in favor of the New York City Transit Authority, Manhattan & Bronx Surface Transit Operating Authority, and Lester D. Burnett, Jr.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the plaintiff is granted a new trial.

The plaintiff alleged that he was injured when the van in which he was a passenger was struck from behind by a New York City Transit Authority bus driven by the defendant Lester D. Burnett, Jr. The plaintiff alleged that the accident occurred while he was being driven to work by his employer, Jose Rosario, and that only the two of them were in the van at the time of the accident. According to a police accident report, the van was owned by Francisco Galvan. The plaintiff commenced this action against the defendants the New York City Transit Authority, Manhattan & Bronx Surface Transit Operating Authority, and the bus driver Lester D. Burnett, Jr. (hereinafter the TA defendants) and Rosario and Galvan in 1986. Rosario and Galvan failed to appear, and a default judgment dated March 2, 1989, was entered against them.

One year later, at the commencement of the trial on the issue of liability, counsel for the TA defendants stated in his opening statement that he would prove that the plaintiff was not present in the van at the time of the accident. He relied in part on a police accident report which listed Galvan as the driver of the van and Rosario as the passenger. In response to

this claim, the plaintiff's attorney subpoenaed Rosario and Galvan as witnesses and sent investigators to contact them and bring them to court. The court questioned Rosario and Galvan outside the presence of the jury. Upon the application of the TA defendants, the court precluded these witnesses from testifying because their names did not appear on the witness list and because the plaintiff's counsel had not informed the witnesses that they had the right to be represented by counsel. Further, although it does not appear from the record that the court vacated the default judgment of the same court dated March 2, 1989, against Rosario, the court stated that it was dismissing the complaint insofar as it is asserted against the defendant Rosario as barred by the Workers' Compensation Law. The jury determined that the plaintiff was not present in the van when the accident occurred, and judgment was granted in favor of the TA defendants. We find that the court's rulings were erroneous and order a new trial.

There is an outstanding valid default judgment against Rosario on the issue of liability. The issue of whether the action against Rosario was barred by the Workers' Compensation Law was not raised in the pleadings, since Rosario never answered the complaint, and Rosario did not move to vacate the default judgment against him. The issue was first raised by the TA defendants at the trial as part of their oral application to preclude Rosario from testifying, apparently on the theory that Rosario was not a proper party to this action and therefore the plaintiff was required to provide notice that he would be called as a witness. Even assuming that this issue was properly before the trial court, its determination that the plaintiff's causes of action against Rosario were barred as a matter of law is not supported by the record. An employee's injuries arising out of transportation to and from work may be compensable under the Workers' Compensation Law if the employer assumes, by contract or custom, the responsibility of such transportation (see, Matter of Holcomb v Daily News, 45 NY2d 602; Schauder v Pfeifer, 173 AD2d 598, 599). However, no such showing was made in the case at bar.

We further find that the court improvidently exercised its discretion in precluding Rosario and Galvan from testifying on the plaintiff's direct case. A party in a civil suit may be called as a witness by his adversary (see, CPLR 4512; McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 26). Even though a default judgment was entered against Rosario and Galvan, they were still parties to the action as they could

have offered proof in mitigation of damages at the damages stage of the trial *(see, Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880; *Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730). The court apparently concluded that the actions of the plaintiff's counsel with respect to these witnesses were improper. We find that the record is devoid of evidence that the plaintiff's counsel acted unethically when he contacted these witnesses, who were not represented by counsel in this action, for the limited purpose of asking them to testify at the trial *(see,* Code of Professional Responsibility DR 7-104 [22 NYCRR 1200.35]).

Although the plaintiff failed to advise the TA defendants prior to trial that he intended to call Rosario and Galvan as witnesses, the sanction of precluding their testimony was not warranted under the circumstances of this case. There was no evidence that the failure to include Rosario and Galvan on the plaintiff's witness list was willful or contumacious. The TA defendants had actual notice of the identity of these witnesses, as they were named defendants in the action and their names appeared on the police accident report *(see, DeJesus v Finnegan,* 137 AD2d 649; *Bermudez v Laminates Unlimited,* 134 AD2d 314). In view of the evidence adduced at the trial, we conclude that the court's decision to preclude Rosario and Galvan from testifying cannot be considered harmless error. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.