■ DONNA HUMISTON, Appellant, v ROCHESTER INSTITUTE OF TECHNOLOGY et al., Respondents. (Appeal No. 1.) [601 NYS2d 751] —Judgment unanimously reversed on the law and in the

exercise of discretion without costs and new trial granted. Memorandum: On September 9, 1983, while a student at defendant Rochester Institute of Technology (RIT), plaintiff was attacked and raped in a ladies' room in a dining hall on campus. A few months later, plaintiff identified defendant Michael Grose, a student at Nazareth College, as her attacker. She commenced an action against Grose for intentional and negligent assault and against RIT for negligently failing to protect her from the actions of non-students. The actions were consolidated for a jury trial. At trial, Grose denied that he had attacked plaintiff, in contradiction of his earlier statements to the police admitting the attack. The jury found that plaintiff failed to prove that Grose had committed the assault and failed to prove that RIT was negligent in its security measures. The trial court denied plaintiff's motion to set aside the verdict as contrary to the weight of the evidence.

We do not agree with plaintiff that the verdict was against the weight of the evidence. A jury verdict in favor of a defendant should not be set aside as against the weight of the evidence unless the evidence preponderates so greatly in plaintiff's favor that the verdict could not be reached upon any fair interpretation of the evidence (Marra v Favara, 181 AD2d 722; Bernard v Block, 176 AD2d 843, 845-846; Nicastro v Park, 113 AD2d 129, 134). Although plaintiff presented strong evidence that Grose was her assailant, his denial presented the jury with a question of credibility, which it resolved against plaintiff.

Plaintiff is entitled to a new trial, however, because Grose failed to comply with plaintiff's pretrial demand to disclose the names and addresses of witnesses. At trial, Grose testified that, at the time of the assault on plaintiff, his right arm was in a cast that extended from below the knuckle of his right hand to his right elbow. He called two witnesses, Nicholas Charles and Michael Wood. They testified, over plaintiff's objection on the ground that the witnesses had not been disclosed prior to trial, that they helped Grose remove the cast in late fall, after the attack on plaintiff. Plaintiff never mentioned that her attacker had a cast on his arm. Because the testimony of Charles and Wood was relevant on the issue of identity, plaintiff was entitled to disclosure of their names and addresses (see, O'Connor v Larson, 74 AD2d 734, 735). The fact that Grose revealed at his EBT that there were witnesses to the removal of his cast does not excuse his failure to disclose

the names and addresses of the witnesses in response to plaintiff's demand. At his EBT, Grose could not recall the witnesses' last names, identifying them only as "Nick" and "Mike". The witnesses were not identified sufficiently to allow plaintiff to conduct her own investigation (cf., *Burton v New York City Hous. Auth.*, 191 AD2d 669; *DeJesus v Finnigan*, 137 AD2d 649). The possibility that plaintiff suffered prejudice as the result of Grose's failure to disclose the witnesses compels the granting of a new trial.

We likewise conclude that plaintiff was prejudiced by a remark made by the defense attorney for Grose in his opening statement to the effect that his client had not been indicted for attacking plaintiff. Although technically correct, the statement was misleading. A felony complaint had been filed against Grose, but he ultimately entered a plea of guilty to charges arising out of a separate assault upon a student at Nazareth College in satisfaction of the charges arising from both incidents. Defense counsel's remark could have misled the jury into concluding that no charges were filed against Grose because of a failure of proof. An attempt by plaintiff's attorney to dispel that impression through the testimony of the Assistant District Attorney who handled the criminal charges against Grose was refused by the trial court. Although plaintiff did not request a mistrial, we find that the possibility of prejudice, coupled with that resulting from Grose's failure to disclose two witnesses in response to plaintiff's demand, compels granting a new trial. We exercise our discretion pursuant to CPLR 5522 (a) to reverse the entire judgment and grant a new trial against both defendants (see, *Hecht v City of New York*, 60 NY2d 57, 64). (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Intentional Tort.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.