■ GAIL MORAN et al., Appellants-Respondents, v FRANKLIN GENERAL HOSPITAL et al., Defendants, JOHN L. KEFALOS et al., Respondents, and ROBERT P. WULWICK, Respondent-Appellant. [625 NYS2d 952] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Saladino, J.), entered June 16, 1993, which granted the defendants' motions pursuant to CPLR 3126 to preclude the plaintiffs from offering at trial the

testimony of the nonparty witness Helen Mattson and, (2) as limited by their brief, from so much of an order of the same court, also entered June 16, 1993, as, upon reargument, adhered to the prior determination, and the defendant Robert P. Wulwick appeals from an order of the same court, dated November 19, 1993, which reversed so much of the prior orders entered June 16, 1993, as precluded Helen Mattson from testifying at trial and denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the appeals from the orders entered June 16, 1993, are dismissed, without costs or disbursements, since the appeals from those orders are academic in light of the order dated November 19, 1993; and it is further,

Ordered that the order dated November 19, 1993, is affirmed, without costs or disbursements.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is generally a matter left to the discretion of the trial court. In addition, the penalty of preclusion is extreme and should only be levied when the failure to disclose has been willful or contumacious (see, Matter of Piscionere, 161 AD2d 596; Delaney v Automated Bread Corp., 110 AD2d 677). The defendant Robert Wulwick did not demonstrate that the plaintiffs' failure to reveal the identity of the nonparty witness Helen Mattson was due to willful or contumacious behavior. Thus, the Supreme Court did not improvidently exercise its discretion by denying preclusion of her testimony at trial.

We agree with the Supreme Court that there remain questions of fact about whether the defendant Robert Wulwick committed medical malpractice. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.