■ DEANNA GARCIA et al., Respondents, v EFTIHIA KRANIO-TAKIS, Appellant. [648 NYS2d 156] —In an action to recover dam-

ages for personal injuries, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated October 5, 1995, as denied her motion to vacate the court's prior order dated March 20, 1995, which granted the plaintiffs' motion pursuant to CPLR 3126 to preclude the defendant from testifying at trial.

Ordered that the order is affirmed; and it is further,

Ordered that the stay granted by decision and order on motion of this Court, dated September 4, 1996, is vacated forthwith; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is generally a matter left to the discretion of the trial court. The penalty of preclusion is extreme and should only be levied when the failure to disclose has been willful or contumacious (see, Moran v Franklin Gen. Hosp., 214 AD2d 707). In the present case, the willful and contumacious character of the defendant's default can be inferred from her noncompliance with at least two separate court orders directing depositions, coupled with either no excuses or an inadequate excuse for these defaults (see, Glasburgh v Port Auth., 193 AD2d 441; Mills v Ducille, 170 AD2d 657, 658) Accordingly, the Supreme Court did not improvidently exercise its discretion in precluding the defendant from testifying at trial, nor in denying her motion to vacate the court's order of preclusion. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.