■ VALERIE MALCOLM, Respondent, v RUPERT H. DARLING, Appellant. [649 NYS2d 480] —In an action to recover damages for

assault and battery, the defendant appeals from a judgment of the Supreme Court, Kings County (Greenstein, J., on liability; R. Goldberg, J., on damages), entered June 8, 1995, which is in favor of the plaintiff and against him in the principal sum of $2,000,000 ($250,000 for past pain and suffering, $1,000,000 for future pain and suffering, and $750,000 for punitive damages).

Ordered that the judgment is affirmed, with costs.

The defendant assaulted the plaintiff with a machete, causing her extensive personal injuries. The plaintiff's version of the events that led to her injuries differed greatly from the defendant's version. After a bifurcated trial, the jury awarded the plaintiff damages in the principal amount of $2,000,000. On appeal, the defendant contends, *inter alia,* that two witnesses, whose names and addresses were not disclosed to him, should not have been allowed to testify.

In *Bermudez v Laminates Unlimited* (134 AD2d 314), this Court held that, absent a finding that the failure of the plainitiff's attorney to disclose the names and addresses of eyewitnesses was willful or contumacious, the imposition of the harsh sanction of preclusion or dismissal is unwarranted. Here, since there is no evidence in the record of willful or contumacious conduct on the part of the plaintiff's attorney, it was not error for the trial court to allow the two witnesses in question to testify *(see, DeJesus v Finnegan,* 137 AD2d 649; *Bermudez v Laminates Unlimited, supra).*

In any event, defense counsel knew the identities of those two witnesses. One was a police officer who responded to the scene of the attack *(see, DeJesus v Finnegan, supra),* and the other was a firefighter who witnessed part of the attack and who worked in the firehouse just two doors away. Moreover, the record reveals that the police officer testified at the defendant's criminal trial.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.