■ STEPHEN CASSIDY, Appellant, v LUKE GRAY et al., Respondents. [650 NYS2d 553] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered July 3, 1996, which denied plaintiff's motion to preclude defendants from offering any evidence of plaintiff's consumption of alcohol prior to plaintiff's accident, unanimously affirmed, without costs.

The amount of alcohol consumed on the evening of the accident is an issue in this case. It is within the province of the Trial Judge to rule on the admissibility of this evidence at the appropriate juncture, and if admitted, of the factfinder to determine the weight it should be accorded. Defendants were not required to plead intoxication as an affirmative defense (CPLR 3018 [b]) and plaintiff can hardly claim surprise and prejudice where there is a plethora of evidence concerning his alcohol consumption, including statements he made to medical personnel and at his deposition. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.

■ DANIEL J. MURDOCH et al., Appellants, v HONOUR M. JACKSON et al., Respondents. [650 NYS2d 154] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered September 26, 1995, which granted defendants' motion for an extension of time to serve a demand for a change of venue, unanimously affirmed, without costs.

The extension was a proper exercise of discretion, where the complaint misstated that plaintiffs were New York City residents, the motion was made within seven weeks after the defendants served their answer, and plaintiffs remain free, if so advised, to oppose a change of venue as an inconvenience (CPLR 510 [3]). Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.