■ ANDREW MINICK, Appellant, v LIQUID AIR CORP. et al., Respondents. [658 NYS2d 420] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered May 31, 1996, which, after a jury trial, is in favor of the defendants and against him.

Ordered that the judgment is reversed, on the law, with costs to abide the event, and a new trial is granted.

The plaintiff allegedly sustained injuries when the vehicle he had been driving was struck while it was parked in the

break-down lane of the New Jersey Turnpike. The plaintiff's vehicle was struck by a truck which was owned by the defendant Liquid Air Corp., and driven by the defendant Robert Eller. In his opening statement, the plaintiff's counsel stated that he would be calling the plaintiff's brother, William Minick, who was a passenger in the vehicle at the time of the accident, to corroborate the plaintiff's account of the events leading up to the accident. When William was not called as a witness, the defendants requested a missing witness charge. The plaintiff opposed the request, asserting, *inter alia,* that due to complications arising from kidney dialysis treatments, William had unexpectedly become unavailable. Indeed, the plaintiff produced a note from a medical doctor indicating that William was unable to leave South Carolina, where he was receiving treatment at the time of the trial. The court granted the defendants' request for the charge and held that the plaintiff could not proffer his explanation for William's absence to the jury. The jury found in favor of the defendants and the complaint was dismissed. We reverse and grant a new trial.

The plaintiff does not dispute that the defendants established, prima facie, that they were entitled to a missing witness charge *(see, People v Gonzalez,* 68 NY2d 424). However, we agree that in light of, *inter alia,* the doctor's note, it was error for the court to have precluded the plaintiff from offering an explanation for William's absence to the jury *(see, People v Gonzalez, supra; Healy v Rennert,* 9 NY2d 202; *Roma v Blaustein,* 44 AD2d 576; PJI 1:75). Further, considering the variance between the plaintiff's testimony at trial about the events leading up to the accident and certain statements he allegedly made after the accident, the error was not harmless *(see, People v Gonzalez, supra,* at 430; *Zivkovic v Grossman,* 203 AD2d 76). Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.