■ ELMER HALLEY et al., Appellants, v ROBERT WINNICKI et al., Respondents. [681 NYS2d 60] —In an action to compel the determination of claims to real property pursuant to RPAPL article 15, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Silverman, J.), entered March 31, 1995, which, *inter alia,* vacated the defendants' default in answering, and (2) a judgment of the same court, entered October 16, 1998, which, after a nonjury trial, dismissed the complaint. The notice of appeal from the decision dated April 23, 1997, is deemed a premature notice of appeal from the judgment entered October 16, 1998, thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248).

A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must produce evidence that the subject premises was either "usually cultivated or improved" or "protected by a substantial enclosure" (RPAPL 522). In addition, the party must establish, by clear and convincing evidence, the common-law requirement of demonstrating that the possession of the parcel was hostile, under a claim of right, actual, open, notorious, and exclusive, and it must have been continuous for the statutory period (*see, Brand v Prince,* 35 NY2d 634; *Manhattan School of Music v Solow,* 175 AD2d 106). We agree with the trial court's determination that the plaintiffs failed to establish these elements by clear and convincing evidence. Thus, the plaintiffs' claim of adverse possession must fail. Moreover, an easement by prescription has not been made out (*see, Di Leo v Pecksto Holding Corp.,* 304 NY 505, 510-512; 2239 *Hylan Blvd. Corp. v Saccheri,* 188 AD2d 524, 525; *see also, Brocco v Mileo,* 144 AD2d 200, 201).

Furthermore, the record does not indicate that the defendants' failure to list the identities of two of their witnesses was willful or contumacious. Thus, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' application to preclude the testimony of these witnesses (*see,*

*Guillen v New York City Tr. Auth.,* 192 AD2d 506; *Burton v New York City Hous. Auth.,* 191 AD2d 669; *DeJesus v Finnegan,* 137 AD2d 649; *Bermudez v Laminates Unlimited,* 134 AD2d 314). Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.