■ SUZANNE A. KINGSLEY, Appellant, v CHARLOTTE KANTOR, Respondent. [697 NYS2d 141] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), entered June 29, 1998, which, *sua sponte,* precluded her from offering any evidence relating to the information sought in the defendant's notice of discovery and inspection dated March 17, 1998, and (2) an order of the same court, dated September 17, 1998, which denied her motion to vacate the June 29, 1998, order.

Ordered that on the Court's own motion, the notice of appeal from the order entered June 29, 1998, is deemed to be an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [a] [2]); and it is further,

Ordered that the orders are affirmed, with one bill of costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is generally a matter left to the discretion of the Supreme Court. The penalty of preclusion is extreme and should only be imposed when the failure to disclose has been willful or contumacious (*see, Garcia v Kraniotakis,* 232 AD2d 369). In the case at bar, the willful and contumacious character of the plaintiff's default can be inferred from her noncompliance with court orders, coupled with inadequate excuses for these defaults (*see, Garcia v Kraniotakis, supra*). Accordingly, the Supreme Court did not improvidently exercise its discretion in precluding the plaintiff from offering any evidence relating to the defendant's notice of discovery and inspection, or in denying her motion to vacate the order of preclusion (*see,* CPLR 3126; *Garcia v Kraniotakis, supra; see also, Macias v New York City Tr. Auth.,* 240 AD2d 196). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.