■ ANDREW E. BROWN, Respondent, v UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, Also Known as UCEA, et al., Appellants, et al., Defendants. [704 NYS2d 621] —In an action, inter alia, to recover damages for libel, slander, discrimination on the basis of sex, and sexual harassment, the defendants United Christian Evangelistic Association and Frederick Eikerenkoetter appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 21, 1998, as denied those branches of their motion which were (1) to strike the 9th through 15th causes of action asserted in the amended complaint for the plaintiff's failure to comply with a previous discovery order of the same court dated

April 7, 1998, or to preclude the plaintiff from offering at trial the testimony of certain witnesses, (2) to direct the deposition of the plaintiff's counsel, and (3) to compel the production of certain written communications of the nonparty witnesses to the plaintiff's counsel.

Ordered that the appeal from so much of the order as denied those branches of the motion which were to direct the deposition of the plaintiff's counsel and to compel the production of written communications by nonparty witnesses to the plaintiff's counsel are dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 for failure to comply with discovery demands and orders is within the trial court's discretion (*see,* CPLR 3126; *Garcia v Kraniotakis,* 232 AD2d 369; *Schoffel v Velez,* 118 AD2d 492). The penalty of preclusion is extreme and should be imposed only when the failure to comply with a disclosure order is the result of willful, deliberate, and contumacious conduct or its equivalent (*see, Halley v Winnicki,* 255 AD2d 489; *Garcia v Kraniotakis, supra*; *Vatel v City of New York,* 208 AD2d 524). Contrary to the appellants' contention, the plaintiff made some effort to comply with the previous discovery order. Thus, it is not clear that the plaintiff's failure to produce the full addresses of certain witnesses was willful (*see, Malcolm v Darling,* 233 AD2d 425, 426; *see also, Bermudez v Laminates Unlimited,* 134 AD2d 314). Furthermore, the plaintiff has a continuing obligation to provide such information as it becomes available to him (*see,* CPLR 3101 [h]). As noted by the court, in the event that the plaintiff does not provide further information and attempts, nevertheless, to introduce at trial the testimony of witnesses whose addresses were not previously disclosed, the appellants may seek preclusion of that evidence at that time.

So much of the order as denied those branches of the appellants' motion which were to direct the deposition of the plaintiff's counsel and to compel production of nonparty witnesses' written communications to the plaintiff's counsel must be dismissed. The Supreme Court previously determined those issues in an order dated April 7, 1998. Although the appellants filed a notice of appeal from that order, they failed to timely perfect that appeal, and it was dismissed for lack of prosecution by decision and order on motion of this Court dated December 17, 1998 (*see,* 22 NYCRR 670.8 [h]). The dismissal

constituted an adjudication on the merits with respect to all issues which could have been reviewed therein, and the appellants are therefore precluded from obtaining appellate review of those issues (*see, Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Bray v Cox,* 38 NY2d 350). O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.