■ MARY A. MECZYNSKI, Appellant, v TOPS MARKETS, INC., Respondent. [711 NYS2d 814] —Order and judgment unanimously reversed in the exercise of discretion without costs, complaint reinstated and new trial granted. Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell in the produce area of defendant's grocery store. She appeals from an order and judgment dismissing the complaint based upon a jury verdict of no cause of action. We conclude that plaintiff is entitled to a new trial. Defendant failed to comply with plaintiff's pretrial discovery demand seeking the names of witnesses with knowledge of the physical condition of the location where plaintiff fell, either at the time of the accident or within 24 hours thereof. At trial, a witness identified the former employee of defendant who had spoken to plaintiff at the location where she fell. The witness also identified two other employees who within 24 hours of plaintiff's accident had worked on the repair of a produce case that was leaking. Thus, this is not a case in which defendant was unable to comply with plaintiff's discovery demand. Additionally, defendant failed to comply with plaintiff's pretrial discovery demand seeking the reports written by employees regarding the accident. Because of the importance of the information sought by plaintiff and the potential prejudice suffered by her as a result of defendant's failure to comply with her pretrial discovery demands, we exercise our discretion and reverse the order and judgment, reinstate the complaint and grant a new trial (see, Humiston v Rochester Inst. of Technology, 195 AD2d 961, 962-963; see also, Andrews v Regional Tr. Serv., 88 AD2d 784). (Appeal from Order and Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.