■ RICHARD DePIERRO et al., Respondents, v BANK OF NEW YORK, Appellant, et al., Defendant. [764 NYS2d 208] —In an action, inter alia, to recover damages for conversion, the defendant Bank of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), entered February 8, 2002, as denied that branch of its motion which was for reargument, upon granting that branch of its motion which was for leave to renew, adhered to its prior determination made in an order dated July 21, 1999, denying its motion for summary judgment dismissing the complaint insofar as asserted against it, and denied those branches of its motion which, in the alternative, were to dismiss the plaintiffs' demand for punitive damages and to dismiss the plaintiffs' demand for consequential damages pursuant to CPLR 3126.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which, in the alternative, were to dismiss the plaintiffs' demand for punitive damages and the plaintiffs' demand for consequential damages and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court, upon renewal, properly adhered to its prior determination denying the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. The deposition testimony offered by the appellant did not establish its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

However, the Supreme Court erred in denying those branches of the motion which, in the alternative, were to dismiss the plaintiffs' demand for punitive damages and to dismiss the

plaintiffs' demand for consequential damages pursuant to CPLR 3126. The plaintiffs are not entitled to punitive damages as they failed to plead the elements required for a demand for punitive damages (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 316 [1995]). Further, the plaintiffs' demand for consequential damages should have been dismissed. The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (*see Kingsley v Kantor,* 265 AD2d 529, 530 [1999]; *Espinal v City of New York,* 264 AD2d 806 [1999]). Here, the plaintiffs' willful failure to disclose certain tax information warranted the dismissal of their demand for consequential damages (*cf. Zletz v Wetanson,* 67 NY2d 711 [1986]). Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.