Emam v Boglioli (2004 NY Slip Op 50282(U))

[*1]

Emam v Boglioli

2004 NY Slip Op 50282(U)

Decided on April 15, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2004

Supreme Court, Kings County

MAMDOUGH A. EMAM, Plaintiff,
against
JOHN BOGLIOLI and KEITH S. SMITH, Defendants.
INDEX NO. 25725/01

Plaintiff was represented by Eric Green, Esq., 295 Madison Avenue, New York, New York 10017.
Defendants were represented by Robert T. Tusa, Esq., 2 Metrotech Center, Brooklyn, New York 11201.

Herbert Kramer, J.
The insurer represented the owner of the vehicle, defendant John Baglioli, at trial, but did not represent the driver of the vehicle, Keith S. Smith, who defaulted in this action. The answer interposed for the owner denied, inter alia, permissive use by the defendant driver at the time of the accident. There was no examination before trial taken of the defaulting driver.
Initially, issues of permissive use and liability were tried before this Court and a jury. After the plaintiff rested, the defendant brought in the driver of defendant's vehicle, at which point the plaintiff sought to have this testimony precluded because this defendant had defaulted and had not been examined before trial. After extensive argument, this Court ruled that with respect to the issue of liability,[FN1] this witness' testimony would be precluded.
 The taking of depositions of parties who appear in a civil is accomplished via notification to their respective attorneys. This simple procedural mechanism which is in very common practice, is not available where a pre-trial deposition is required of a non party witness, which in our case would include a defaulting party. The procedure for taking such depositions is considerably more cumbersome and less familiar. See CPLR § 3101(a)(4)Nonetheless, this procedure was available to the defendant, herein and its use would be more solicitous of the integrity of the civil justice system.
There is a strong policy consideration involved in this determination. Since, the defense of lack of permission is known to the insurer early on, the insurer could, in these cases, decide to appear only for the owner and not the driver. In many, if not most instances, this would leave the driver without counsel and thus in a position which would make his or her default fairly certain. This strategy would give a considerable procedural advantage to the defense who would, under circumstances such as our own, be able, unless curtailed, to call a witness who has never been deposed in derogation of civil litigation prerogatives or in the alternative to call a halt to all [*2]proceedings until a deposition has been taken. This would create a serious deficiency in the efficient processing of cases through the civil justice system
In light of these strong policy concerns and when balancing the equities, this court holds that the consequences for the failure to obtain this crucial discovery should fall at the feet of the party seeking to call this witness.[FN2]
This constitutes the decision and order of the court.
J.S.C.
Decision Date: April 15, 2004
Footnotes

Footnote 1: Plaintiff's counsel consented to his examination upon the issue of permissive use. 

Footnote 2: This court is aware of Guillen v. New York City Transit Authority, 192 A.D.2d 506 (2d Dept, 1993) which superficially appears to reach an opposite result. However, in Guillen, the testimony was sought by a party who was adverse to the witness, and in fairness and recognition of the adversarial process, the Court found error in the preclusion of that testimony. Here, the owner and the driver were not adverse to one another with respect to liability except insofar a boilerplate counterclaim for indemnification that was not presented at trial. Hence, the rationale propounded in Guillen falls away. With respect to questions of permissive use, the owner and the driver were adverse and that testimony was taken..