■ Salvatore Gendusa, Appellant, et al., Plaintiff, v Yu Lin Chen, Respondent. [897 NYS2d 508]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff Salvatore Gendusa appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Schack, J.), dated August 21, 2008, as, upon a jury verdict finding that the defendant was not at fault in the happening of the accident, is in favor of the defendant and against him dismissing the complaint insofar as asserted by him.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the complaint insofar as asserted by the plaintiff Salvatore Gendusa is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

This appeal arises out of an automobile accident that occurred at an intersection in Queens controlled by a traffic light. The appellant's vehicle, which was traveling on Palmetto Avenue,

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

was hit on the side by the defendant's vehicle, which was traveling on Fresh Pond Road. At trial, each party claimed that the light controlling his direction of travel was green. The trial court precluded the appellant from calling an eyewitness to the accident, who had been identified on the police accident report, because the appellant's counsel did not disclose the witness's name and address within 45 days, as required by a preliminary conference order, and the belated disclosure was inadvertently served upon the wrong law firm. The jury rendered a verdict finding that the defendant was not at fault in the happening of the accident.

The penalty of preclusion is extreme and should be imposed only when the failure to comply with a disclosure order is the result of willful, deliberate, and contumacious conduct or its equivalent (*see Brown v United Christian Evangelistic Assn.*, 270 AD2d 378 [2000]; *Halley v Winnicki*, 255 AD2d 489 [1998]; *Garcia v Kraniotakis*, 232 AD2d 369 [1996]). The trial court improvidently exercised its discretion in preluding the appellant from calling an eyewitness to the accident to testify at trial. Despite the failure of the appellant's counsel to provide the eyewitness's name and address, there is no indication that he willfully failed to comply with the preliminary conference order, the defendant was aware of the identity of the witness well before trial, and any prejudice could have been avoided by granting an adjournment of trial to allow the defendant to depose the witness (*see Gellerstein v Mulvey's Mar. Sport Shop*, 283 AD2d 397 [2001]; *Malcolm v Darling*, 233 AD2d 425, 426 [1996]; *Locastro v Horn*, 138 AD2d 358 [1988]; *DeJesus v Finnegan*, 137 AD2d 649, 650 [1988]; *Bermudez v Laminates Unlimited*, 134 AD2d 314, 315 [1987]). Contrary to the defendant's contention, the error was not harmless. There were sharply contested issues of fact and credibility at trial.

The trial court properly refused to preclude the defense counsel from eliciting testimony from the appellant that he had two drinks at dinner prior to the accident (*see Karsdon v Barringer*, 20 AD3d 551, 553-554 [2005]; *Huerta v New York City Tr. Auth.*, 290 AD2d 33, 42 [2001]; *Cassidy v Gray*, 234 AD2d 6 [1996]). However, the defendant having opened the door by suggesting that the appellant's alcohol consumption contributed to the accident, the appellant should have been permitted to introduce the negative results of his blood alcohol test (*see People v Massie*, 2 NY3d 179, 180 [2004]; *People v Rojas*, 97 NY2d 32, 39 [2001]; *Feblot v New York Times Co.*, 32 NY2d 486, 498 [1973]). Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.