Burr v Crary (2024 NY Slip Op 01503)

Burr v Crary

2024 NY Slip Op 01503

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 651483/22 Appeal No. 1877 Case No. 2023-04398 

[*1]Phoebe Burr, Appellant,
v
Calvert Crary II, Respondent.

Robert G. Smith, PLLC, New York (Robert G. Smith of counsel), for appellant.
Mejias, Milgrim, Alvarado & Lindo, P.C., Glen Cove (David L. Mejias of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered November 15, 2022, which insofar as it granted defendant's cross-motion to transfer venue of this action to Kings County, unanimously affirmed, and the appeal otherwise dismissed, with costs.
The plain language of the parties' judgment of divorce provides that "any applications brought in Supreme Court to enforce the provisions of" the settlement agreement "shall be brought in a County wherein one of the parties reside." Here, the parties reside in Kings County (see Uniform Rules for Trial Cts [22 NYCRR] § 202.50[b][3]; see also DI v YI, 79 Misc 3d 1214[A] *2, 2023 NY Slip Op 50621[U] *2 [Sup Ct, NY County 2023]).
Plaintiff claims that defendant effectively waived his right to challenge venue because his demand to change venue was untimely. However, the motion court's consideration of the demand, even if untimely, was, under the circumstances here, a provident exercise of its discretion (see e.g. Murdoch v Jackson, 234 AD2d 6 [1st Dept 1996]; Berberich v York Scaffold Equip. Corp., 177 AD2d 451 [1st Dept 1991]). In particular, both defendant and his counsel stated in submissions to the motion court that they delayed in moving because they understood that plaintiff had agreed, in the post-matrimonial proceeding pending in Kings County, to discontinue this action.
We otherwise dismiss the appeal. Plaintiff, who, in her reply brief to this Court, expressly acknowledges the order appealed "addressed only the issue of venue," nevertheless argues that a default judgment should have been issued against defendant on account of his untimely answer, and that she should have been granted summary judgment because defendant's spousal maintenance obligations under the settlement agreement remain intact notwithstanding her subsequent remarriage. However, the motion court decided neither of these issues, and instead held them in abeyance, to be determined by Kings County Supreme Court after transfer of venue; accordingly, they are not reviewable by this Court (see CPLR 5701; GMAC Mtge, LLC v Yun, 206 AD3d 796 [2d Dept 2022]; see also Liebman v Hirschman, 28 AD2d 1108 [1st Dept 1967]).
We also decline to consider plaintiff's argument that she is entitled to sanctions, an argument she raised for the first time in her reply to the motion court (see JP
Morgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 576 [1st Dept 2012]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024